BENJAMIN F. MORRIS, RESPONDENT, v. DEXTER MANUFACTURING COMPANY (EMPLOYER) AND CONSOLIDATED UNDERWRITERS (INSURER), APPELLANTS.—40 S. W. (2d) 750.

In the Springfield Court of Appeals. Opinion filed July 3, 1931.

*Galivan & Finch* for appellants.

450

*W. C. Keaton* and *Francis M. Walker* for respondent.

COX, P. J.—This case arose under the Workmen's Compensation Act. The plaintiff was an employee of defendant, Dexter Manufacturing Company, and on December 8, 1927, was engaged with other men in loading spokes on a railroad car for his employer at Dexter, Missouri. During the course of his work on that day one finger was so badly frozen that amputation became necessary. The claim for compensation was filed and on a hearing before one commissioner, his claim was allowed. Later the Commission held against claimant and he then appealed to the circuit court where the finding

of the Commission was reversed and judgment entered for plaintiff. Defendants appealed to this court.

The contention of appellants is to the effect that the evidence does not show that plaintiff was entitled to recover or is at least sufficient to sustain the finding of the Commission against him and, in either event, the trial court erred in setting aside the finding of the Commission and entering judgment for claimant.

There is no substantial conflict in the evidence as to the essential facts. These may be shown by excerpts from plaintiff's own testimony as follows:

"I was loading spokes northeast of the mill. The shed we were trucking from was covered but we were loading out in the open. I guess about 150 feet from the shed to the box car, maybe a little farther. The sheds have sides. There isn't any fire in the sheds. We trucked the spokes from the sheds to the box car. About fifty bundles to the load. It was just a push truck. I think there were four or five of us out there. Three men can push the truck. We were all working there that day. We would load the truck up and push it up to the car door and throw the spokes up from the truck to the box car. . . . The place where the box car stood was open and exposed. It was awful cold that day and the wind blew from the north. I should say it was cold enough to freeze. I don't know what the temperature was but it was about as cold a day as we had this winter. The wind was blowing. I had a coat on—just ordinarily dressed. Had on gloves, canvas, with leather palm. Yes, fingered gloves. . . . I went to work at seven o'clock that morning. About nine o'clock, I noticed that my hands were getting cold. . . . I worked five hours before the noon hour, until twelve o'clock. I was off one hour at noon. . . . I commenced work afternoon at one o'clock and worked from one until five. In the afternoon I noticed that my hand seemed numb and stiff and stinging. My fingers all hurt some but seemed like to me one was the worst. I worked until five o'clock and then went home, went in and commenced to wash. I got some hot water and as soon as I put my hand in it, that is the first time I knew my hand was frozen. Seemed like I stuck needles in it."

The finger was so badly frozen that it was later amputated. Claimant also testified: "There were four or five of us there doing the same kind of work that day. . . . The work in the shed is just about divided. Takes just about as long to unload a truck as it did to load it. I suppose that everybody in that community who was working out of doors that day would have been in just about the same position I was with respect to the cold weather. Anyone employed out of doors that day would experience the same cold as I did as far as I know. . . . That night was the first time I

realized it was frozen. I merely thought my hand was numb and frosty from being in the cold. My hand had been that way in working out of door a great many times. As quick as I put it in warm water it began to turn black. No sir, I do not know just when it froze. It was something that would come on gradually by exposure out in the weather that day. . . . I would not say that the freezing of my finger happened suddenly. There was nothing that called my attention or caused me to be conscious of the fact that my finger was frozen until I got home and put it in hot water. When it became thawed out it pained so in the joints."

The Commission found against claimant and in the circuit court, to which the matter was appealed, and in this court the finding of the Commission stands on the same footing as the verdict of a jury in an ordinary action at law. It was therefore the duty of the trial court, and it will be the duty of this court, to uphold the finding of the Commission unless the evidence is so conclusive against defendants and in favor of the plaintiff as to have made it the duty of the Commission as a matter of law to have found for plaintiff. In our judgment the evidence in this case does not measure up to that requirement.

There is a great diversity of holding among the several states of the union on the question of whether frost bite or freezing comes under the provisions of the statutes of the several states. The question has not been passed upon in this State as far as we are advised at this time. Most of the statutes in the different states, like our statute, requires the injury to have resulted from an accident and many of them, like our statute, contain a definition of the term accident. The statutes of the states of California, Connecticut, Massachusetts, Ohio, and West Virginia, do not contain the word accident, so decisions in those states usually have little weight in states like ours which require the injury to be the result of an accident as that term is defined in the statute in order to be compensable. It would unduly lengthen this opinion to cite and discuss at length the cases in other states which have dealt with the Workmen's Compensation Law. We shall only notice a few of them.

The definition to the term "accident" in the statutes of Minnesota is similar to ours. In State ex rel. v. District Court (Minn.), 164 N. W. 585, a man worked in the timber with an ax and handled the timber with his hands. In handling the timber his hands came in contact with snow. Held: Sufficient to sustain a finding that character of the employee's work subjected him to the risk of freezing not shared by the people of the community, and for that reason it arose out of his employment and therefore was an accident. That case has the distinguishing feature that the hands of the employee while at work came in contact with snow while the hands of others in the community would not.

In Blair v. Omaha Ice & Cold Storage Co. (Neb.), 165 N. W. 893, it was held that a disease contracted by a party who worked for a week where cold water dripped upon him was not accidental. It was there said: "That in practically every case in which the workman was permitted to recover the facts disclosed a sudden event happening at a particular time to which the injury was directly traceable."

In Days v. S. Trimmer & Sons, Inc., 160 N. Y. 603, a laborer on a very cold day whose duty it was to carry coal into the houses, all his fingers and toes were frost bitten and some of them injured. The court said: "Beyond question the injuries sustained by the claimant in the case at bar were accidental within the meaning of the Workmen's Compensation Law."

In Consumers Co. v. Industrial Commission (Ill.), 154 N. E. 423, a Mr. Hill, the claimant, was injured in shoveling coal from the ground onto a conveyor a few feet above the ground. His hands were frozen while engaged in that work. Held: That he could not recover because freezing as a result of the weather was not an accident growing out of the employment. The court said page 424, "Injuries resulting from exposure to weather conditions such as heat, cold, ice, snow or lightning are generally classed as risks to which the general public is exposed and not within the purview of Workmen's Compensation Acts, although the injured person at the time he received his injury may have been performing duties incidental to and in the course of his employment. The rule is generally recognized, however, that if an employee because of his duties is exposed to a special or peculiar danger from the elements—a danger that is greater than that to which other persons in the community are subjected—and an unexpected injury is sustained by reason of the elements, the injury constitutes an accident arising out of and in the course of the employment within the meaning of Workmen's Compensation Acts. If the character of the employment is such as to intensify the risks that arise from extraordinary natural causes, an accident, under such circumstances is one arising out of the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be accidental to the character of the business and not independent of the relation of man and servant. If the accident under the circumstances of the employment was merely a consequence of the severity of the elements to which persons in the locality, whether employed or not, were equally exposed, it is not compensable."

The Illinois case last cited is very close to this case on the facts. In that case the workman stood in one place and shovelled coal from the ground onto a conveyor. In this case the claimant loaded spokes onto a truck in a shed, then pushed them to a car which stood in the open and unloaded them into the car. In this case there were

other workmen assisting plaintiff and doing the same kind of work that he was doing and none of them were frozen. Plaintiff, evidently, for some reason not explained, was more likely to freeze than they but it is clear that the character of the work done by plaintiff did not make him more susceptible to freezing than his companions or exposed him to the severity of the weather to a greater extent than others in the same locality working in the open at employment of any kind were exposed. The best reasoned cases as we view them hold that for freezing to be compensable under the Workmen's Compensation Act, there must be something in the nature of the work that exposes the workmen to greater danger of freezing than others in the same locality are exposed. The Commission found in this case that plaintiff was not entitled to compensation and since the evidence fails to show that this plaintiff's work did expose him to the effects of the cold weather to any extent greater than others in the same locality were exposed, it cannot be said that their finding is not warranted under the evidence.

The judgment will be reversed. *Bailey* and *Smith, JJ.*, concur.