ANTHONY NOTO (CLAIMANT), APPELLANT, v. HEMP & COMPANY (EMPLOYER), AND FIDELITY AND CASUALTY COMPANY OF NEW YORK (INSURER), RESPONDENTS.—83 S. W. (2d) 136.

St. Louis Court of Appeals. Opinion filed June 4, 1935.

*George A. Hodgman* and *Luke & Cunliff* for respondents.

*Joseph B. Catanzaro* for appellant.

984

HOSTETTER, P. J.—This is a suit under the Workmen's Compensation Act, which originated by the filing of a claim with the Commission for compensation by the claimant and appellant, Anthony Noto, on the 8th day of June, 1932, wherein he claimed compensation by reason of an accident which he claimed to have occurred at eleven A. M. on June 1, 1932, when he, as the employee of Hemp & Company was pulling a truck loaded with heavy doors out of the oven when he felt a sudden pain inside, which proved to be a rupture, the right groin being the part of the body which was injured.

On June 18, 1932, the employer, Hemp & Company, and the insurer, Fidelity & Casualty Company of New York, filed their joint answer in which they denied liability under the Workmen's Compensation Act and asserted that the employee did not suffer any injury by accident within the meaning of the law.

On the 6th day of July, 1932, the cause was heard on its merits before E. C. FRIEDEWALD, Referee, and was taken under advisement by him and on the 15th of August, 1932, he made and entered a temporary award as follows:

"Compensation at $13.33 per week beginning July 6, 1932, and continuing until operation is performed and condition is relieved. I believe from the evidence that employee secured the hernia while pulling the truck when it became stuck in the floor, but up to the time of the hearing do not believe employee should have had sufficient disability to cause him to lose time from work."

Thereafter, the cause was reviewed by the full Commission in response to the request of the employer and insurer and a final award was made on September 9, 1932, reversing and setting aside the temporary award previously made by the referee and finding against the claimant as follows:

"We find from the evidence that the condition complained of was not the result of an accident arising out of and in the course of his employment on June 1, 1932. Therefore compensation must be denied."

Thereupon the cause was duly appealed by the claimant to the Circuit Court of the City of St. Louis, where, upon a hearing, the court affirmed the award of the Commission, from which action of the court the claimant duly appealed to this court.

The testimony of the claimant taken on July 6, 1932, was as follows: that he was twenty-nine years old and had been in the employ of Hemp & Company, manufacturers of refrigerators, for about a

month and a half as oven tender; that when the doors of the refrigerators were being painted he was engaged in putting them in the oven on trucks and baking the paint on them; that on June 1, 1932, when he was pulling a truck, loaded with doors, from the oven, the truck was stuck and he gave it a jerk and later on he felt himself hurt on the right side in the groin; that he kept on working and kept on doing a little heavy work and later on he told the boss that he wanted to go to the doctor and he gave him a pass to go at 4:30 that evening; that he did go to Dr. Weise, who examined him and said he was ruptured; that he had a lump on his side that he never had before; that he still had the trouble and was suffering from it; that he had done no work since that time and was not able to work.

On cross-examination he admitted having come to the office of the insurer, Fidelity & Casualty Company of New York, on June 4, 1932, in response to a letter requesting him to give a statement, and identified a statement over his own signature as being made and signed by him at that time.

This statement, which was offered in evidence, is as follows:

"I, Anthony Noto, age 29 years, married, and residing at 5124 Wilson Avenue, am employed by the Hemp & Co., Corp., which company is engaged in the manufacture of Frigidaires. My duties are those of oven tender and I generally work six days a week and do not work less than 10 hours a day at the rate of thirty cents per hour.

"On Wednesday, June 1, 1932, I was stacking lining and taking care of the oven during the course of the morning and I would pull trucks out of the oven, and there would be 15 sets of doors on each truck. This made a rather heavy load to pull. A fellow employee by the name of Mac worked with me part of the time during the course of the morning but he went back to his job of painting during the afternoon.

"I felt no sudden strain or pain during the course of the morning. From 12 to 12:30 P. M. we had our lunch period and I ate my lunch. After lunch I started feeling badly, that is, my bag started hurting and I had trouble in walking around but I continued working, that is, pulling the trucks out of the oven and then I would rest a bit and work some more until about 4:30 P. M. I went to Dr. Wiese at 2301 S. Kingshighway and he told me that I had a rupture.

"The next morning I was sick at my stomach, vomited, and could eat nothing.

"Dr. Wiese advised me to stay in bed until such a time as I would have an operation to cure the rupture and I have been there ever since, until this morning when I came down to the Fidelity and Casualty Co., of New York in response to their special delivery let-

ter, requesting me to come to their office—I have never had a rupture before this.

"I have read the above and it is true.

"Anthony Noto."

The further cross-examination of claimant was as follows:

"Mr. Cunliff (Q.): You say this happened in the morning? A. yes, sir.

"Q. I believe you told me you felt no sudden strain or pain during the course of the morning? A. Yes.

"Q. And that you had your lunch between 12:00 and 12:30? A. Yes, sir.

"Q. After lunch you started feeling badly? A. Yes, sir.

"Q. Then you had trouble walking around? A. Yes, sir.

"Q. You felt no strain when you were pulling that out of the— the doors out of the oven? A. Yes, sir.

"Q. Did you feel any strain when you were pulling the doors out of the oven? A. Not exactly, no, not right away, but afterwards.

"Q. It came in the afternoon? A. Right after it happened.

"Mr. Cunliff: That is all.

"Mr. Friedewald (Q.): What makes you think you got it when you pulled this truck out of the way? A. Because it never happened to me before; there wasn't anything wrong with me before that I know of.

"Q. Nothing happened to you when you pulled the truck out? A. Those trucks are kind of heavy, got at least a little jolt underneath the wheel, you have to use all your strength to get that truck out of the oven.

"Q. Was there any difference in the time you pulled this truck out than there was at any other time? A. At any other time there wasn't anything wrong with it but that truck must have stuck in there.

"Q. You had to give it an extra pull? A. Yes, sir.

"Q. Did you get sick right after that then? A. Right after that I started feeling that pain on the side and I ate my dinner and went back to work, and I started feeling worse and worse all through the afternoon.

"Q. When did you first notice this lump? A. About right after dinner I noticed that; I don't know what time it was. I went in the dressing room and looked at it and then I had several fellows in there look at it, and they told me to go to the doctor, so I asked the boss for a pass to go to the doctor and he give it to me."

This was all the testimony at the hearing.

Appellant's assignment of errors are as follows:

"The Court erred in affirming the final award of the Commission

on the ground that the Commission acted without or in excess of its powers.

"The Circuit Court erred in affirming the final award of the Commission on the ground that the facts found by the Commission do not support the award. .

"The Circuit Court erred in affirming the final award of the Commission on the ground that there was not sufficient competent evidence in the record to warrant the making of the award."

We fail to find any merit in the claimed errors. The burden of proof was on the claimant to establish the fact that the rupture was the result of an accident arising out of and in the course of his employment. [Munton v. Driemeier Storage & Moving Co. (Mo. App.), 22 S. W. (2d) 61; Delille v. Holton-Seelye Co. (Mo. Sup.), 66 S. W. (2d) 834; Doughton v. Marland Refining Co. (Mo. Sup.), 53 S. W. (2d) 236.] The credibility of the witness, as well as the weight to be accorded his testimony, is a matter for the Commission to determine. [Sanders v. Central Bldg. Materials Co. (Mo. App.), 43 S. W. (2d) 863; Jackson v. General Metals Refining Co. (Mo. App.), 43 S. W. (2d) 865.] All reasonable inferences must be drawn from the evidence in support of the findings of the Commission and the evidence must be viewed in the light most favorable to its support. [Bise v. Tarlton (Mo. App.), 35 S. W. (2d) 993, loc. cit. 994; Elihinger v. Wolf House Furniture Co. (Mo. App.), 72 S. W. (2d) 144, loc. cit. 149; Shroyer v. Mo. Live Stock Commission Co., 332 Mo. 1219, 61 S. W. (2d) 713; Crutcher v. Curtiss-Robertson Airplane Co., 331 Mo. 169, 52 S. W. (2d) 1019; Jones v. Century Coal Co. (Mo. App.), 46 S. W. (2d) 196; Schulte v. Tea & Coffee Co. (Mo. App.), 43 S. W. (2d) 832; Hammack v. West Plains Lumber Co. (Mo. App.), 30 S. W. (2d) 650; Wheat v. Whitney & Son (Mo. App.), 34 S. W. (2d) 158; State ex rel. Probst. v. Haid et al. (Mo. Sup.), 62 S. W. (2d) 869, loc. cit. 871.] The finding of fact and award of the Missouri Workmen's Compensation Commission are in the nature of a special verdict and on appeal to the courts are conclusive if supported by substantial competent testimony. [State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission (Mo.), 8 S. W. (2d) 897; Cuchi et al. v. George C. Prendergast & Sons (Mo. App.), 72 S. W. (2d) 136; Section 3342, Revised Statutes Missouri 1929 (Mo. Stat. Ann., Sec. 3342, p. 8275); Crutcher v. Curtiss-Robertson Airplane Co., 331 Mo. 169, 52 S. W. (2d) 1019; Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) 601; Elsas v. Montgomery Elevator Co., 330 Mo. 596, 50 S. W. (2d) 130; Doughton v. Marland Refining Co., 331 Mo. 280, 53 S. W. (2d) 236; Jones v. Century Coal Co. (Mo. App.), 46 S. W. (2d) 196; Fischer v. Stephens College (Mo. App.), 47 S. W. (2d) 1101; Barlow v. Shaunee Investment Co.

(Mo. App.), 48 S. W. (2d) 35, loc. cit. 47; Morris v. Dexter Mfg. Co., 225 Mo. App. 449, 40 S. W. (2d) 750.]

It will be noted that there are marked discrepancies between the statements of the claimant in his testimony before the Commission and in his signed statement made on June 4, 1932, at the request of the insurer. The Commission, as a fact finding body, might well discredit the testimony of the claimant on the ground that it lacked corroboration. In other words, it was the province of the Commission to believe or not to believe the testimony, and, if the Commission did not believe claimant as to the essential facts, they necessarily could base their award of no compensation upon such finding that he had failed to meet the burden resting upon him of proving that the rupture was the result of an accident arising out of and in the course of his employment.

It might have seemed more credible had he called his fellow employee, Mac, who worked with him in the forenoon of the day of the alleged accident. Again, it might have been more convincing had he produced Dr. Wiese, whom he claimed to have consulted and who, he said, advised him that he was ruptured. He might have called the parties who, according to his signed statements, had seen the lump on the afternoon of the day when he claimed that he first noticed it. He might have called other witnesses by whom he could have established the fact that he had not previously had the lump. He might have made an additional showing as to whether or not the truck got stuck in the oven and the cause of it getting stuck.

It is very apparent that, from the failure of the claimant to have produced evidence of these corroborating facts and circumstances, the Commission was justified in disbelieving his entire story, based largely on his own hearsay statements, even the existence of the lump or of any causal connection between the lump and the alleged accident, and, if the Commission did disbelieve his testimony, which it had a right to do, it certainly came to the proper conclusion regardless of any other facts in the case. Besides, it is not the province of the courts to do otherwise than determine whether the award is supported by substantial, competent evidence. Bearing in mind that it was the province of the Commission to pass upon the weight and credibility of the testimony given by the claimant and that it was also entitled to draw such reasonable inferences of fact from the testimony adduced, we are clearly of the opinion that the award of no compensation made by the Commission was supported by substantial testimony. [Sanders v. Central Bldg. Materials Co. (Mo. App.), 43 S. W. (2d) 863; Jackson v. General Metals Refining Co. (Mo. App.), 43 S. W. (2d) 865; Elihinger v. Wolf House Furniture Co. (Mo. App.), 72 S. W. (2d) 144, loc. cit. 148; Bise v. Tarlton (Mo. App.), 35 S. W. (2d) 993.]

In Delille v. Holton-Seelye Co. (Mo. Sup.), 66 S. W. (2d) 834, the court quotes with approval from the case of Betts v. American Stores Co., 105 Pa. Super. Ct. 452, the following:

"It is well settled that death, caused by overexertion in the course of employment, is an accident compensable under the workmen's compensation statutes. [See Skroki v. Crucible Steel Co., 292 Pa. 550, 553, 141 A. 480, and cases there cited.] It is likewise well settled that death, in the course of employment resulting from natural causes, is not an accident or compensable. [Gausman v. R. T. Pearson Co., 284 Pa. 348, 131 A. 247, 249; Lesko v. Lehigh Valley Coal Co., 270 Pa. 15, 112 A. 768.] The line of demarcation is stated by Mr. Justice WALLING in the Gausman Case as follows: 'Disability, overtaking an employee at his work, is not compensable unless the result of accident. . . . True, Dr. Frederick attributed the exhaustion or stroke to claimant's exertion in the performance of his work, and expressed the opinion that, but for the work, it would not have happened at that time; in other words, that the disability was hastened by the work. Even so, that alone would not constitute an accident; otherwise it would be unsafe to give employment to any one advanced in years. Disability, hastened by such exercise, cannot be treated as accidental; neither can death or disability, overtaking an employee in the course of his employment and resulting from a natural cause; if it could, it would render the employer an insurer of the life and health of the employee.'' [See also Sanitary District of Chicago v. Industrial Commission, et al., 343 Ill. 236, 175 N. E. 372, loc. cit. 374 (1, 6), and Hicks v. Meridian Lumber Co., 152 La. 975, 94 So. 903.]

In respect to the form of the Commission's award, about which appellant seems to complain, we think it is ample enough. We do not understand that the statute requires the award to contain the evidence upon which it is based and we think it does show a substantial compliance with the provisions of Section 3339, Revised Statutes Missouri 1929 (Mo. Stat. Ann., Sec. 3339, p. 8272). It has been held that even though the Commission has stated only a legal conclusion, rather than the finding of fact, its award will not be reversed if its conclusion is supported by sufficient competent evidence. [Waring v. Metropolitan Life Ins. Co. (Mo. App.), 39 S. W. (2d) 418, 423; Metting v. Lehr Construction Co., 225 Mo. App. 1152, 32 S. W. (2d) 121; State ex rel. Buttiger v. Haid et al. (Mo. Sup.), 51 S. W. (2d) 1008; Doughton v. Marland Refining Co., 331 Mo. 280, 53 S. W. (2d) 236, loc. cit. 240.]

Having reached the conclusion that the finding and award of the Commission are based on substantial, competent evidence, it follows that the judgment of the lower court affirming the action of the Commission should in turn be affirmed, and it is so ordered. *Becker* and *McCullen, JJ.*, concur.