STOKELY FOODS, INC., and another, Respondents, vs. INDUSTRIAL COMMISSION and another, Appellants. [Two cases.]

*April 3—May 5, 1953.*

For the appellants there was a brief by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *Oscar T. Toebaas.*

GEHL, J.   Verner E. Suomi, an associate professor of meteorology at the state university, was examined at con-

siderable length and in detail as to the cause and nature of lightning and as to other characteristics of an electrical storm. Among other things, he testified that lightning would be likely to strike the highest object in the vicinity; that the truck was attractive to lightning because it was higher than the surrounding area; that under the conditions existing lightning would have struck the highest point of the truck; that if he were a meteorologist and a truck driver at the same time and observed lightning in the distance and the probability that it would increase in intensity he would remove the men from the zone of danger upon the truck, and that if the men could get off the truck and slightly to the side of it they would be in less danger.

The employer relies principally upon *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996, where an employee was engaged at work on a dam on the Fox river. It had been raining and the rain was accompanied by thunder and lightning. He was standing on a board walk twenty-four inches above the water level of the stream. He was struck by a bolt of lightning and killed. The commission denied the claim of the surviving widow. Upon review the order of the commission was affirmed. Applying the rule that the findings of the commission should not be disturbed where there is any substantial basis for them in the evidence this court affirmed the judgment.

In *Newman v. Industrial Comm.* 203 Wis. 358, 234 N. W. 495, an employee was engaged in assisting in the excavation of a cellar. There were intermittent showers, his clothing was damp and the ground was wet. A heavy shower came up and the employee with some of his fellows went under a pine tree and while there was struck by a bolt of lightning and killed. The commission ordered payment on account of his death and upon review the trial court refused to set aside the order. The order was affirmed and this court in discussing the *Hoenig Case* said (p. 361) :

"It was there said that there was a finding of fact which could not be disturbed by the court under the well-established rule. Equally it must be considered a finding if the commission had found the other way as upon similar evidence in this case it did find."

Again the court said that it was bound by the finding of the commission.

In *Nebraska Seed Co. v. Industrial Comm.* 206 Wis. 199, 239 N. W. 432, the employee was engaged in working in an open field. An electric storm arose and he went for shelter to a building about forty rods distant from where he had been working. While there and shortly after he entered the building he was killed by lightning. The building was the only one within three quarters of a mile and located on land which was level for miles in all directions. The commission held that his widow was entitled to the benefit provided for in the Workmen's Compensation Law. Upon review and trial in the circuit court the award was confirmed. We affirmed the judgment of the trial court and among other things said (p. 201) :

"The building into which he entered was so situated, and its height above the surrounding surface was such, as to increase the danger from lightning. It all resulted in an unusual risk of such an accident incidental to the employment."

The court concluded that the evidence sustained the findings of the commission.

The rule of these cases compels the conclusion that there was here an issue of fact for the commission. In view of what was said by the court in the *Nebraska Seed Co. Case* we must hold that the testimony of Professor Suomi supports the finding that the elevated position of the employees upon the truck subjected them to an increased danger from lightning.

*By the Court.*—Judgments reversed. Cause remanded with directions to reinstate and confirm the orders of the Industrial Commission.