James H. WILLIAMS, Appellant,

v.

GREAT ATLANTIC & PACIFIC TEA CO.,
Respondent.

No. 23064.

Kansas City Court of Appeals.
Missouri.

Feb. 1, 1960.

Francis H. Welch, Buford, Welch &
Fitzgerald, Kansas City, for appellant.

Bellemere & Bellemere, Kansas City, for
respondent.

HUNTER, Judge.

Appellant, James H. Williams, sought workmen's compensation from his employer-respondent, The Great Atlantic & Pacific Tea Co., for injuries he suffered when a tornado blew on him a portion of the wall of the building where he was working. The Referee, the Industrial Commission of Missouri, and the Circuit Court denied recovery. Hence, this appeal.

The salient testimony is uncontroverted. On May 20, 1957, appellant was pursuing his duties as checker at his employer's store located in the Ruskin Heights Shopping District in southern Jackson County, Missouri. The check out stands where appellant tabulated customers' purchases and accepted payment were located on the east side of the store near the doors. He had reported for work and had been assigned a check stand at 5:00 p. m.

It was a stormy day, and the radio throughout the afternoon broadcasted tornado warnings for the entire Kansas City and Jackson County area. At approximately 7:38 p. m. a tornado struck the Ruskin Heights area causing many fatalities and inflicting severe injury to persons and property.

At 7:30 p. m. the lights in respondent's store went out. About seven minutes later appellant stepped outside the store and went to the south side to look. He then went back inside the store and warned the assistant manager, who was then in charge, that a tornado was coming from the southwest. The assistant manager went outside to look for himself. Appellant unhesitatingly decided to act. He went to the back (west side) of the store to warn some 8 to 10 other employees and customers of the approaching tornado. He warned them to seek shelter at the front (east side) of the store where approximately 30 to 35 other employees and customers were.

After warning the last of his fellow employees he started back to the front of the store. It was his intention to seek shelter in the northeast part of the store as it had a double section of concrete and in his opinion was the strongest part of the building. He proceeded just a short distance when the southwest wall caved in causing him to be knocked unconscious and injured.

Several others were trapped back there with him and one of them was killed. Only about a minute or a minute and a half elapsed from the time appellant came back into the store to the time the tornado struck it. About 30 feet of the back (west) end of the building wall was demolished. The front walls were intact. The manager who was not in the store when the tornado struck testified that as it turned out the front was the safest place. He admitted he did know the location of those injured.

Respondent's store, the first and southmost of several located adjacent to each other, faces east. Its east wall (where the check stands are located) is glass. Its west and south sides, which are exposed, were brick. Its north side, is adjacent to a hardware store. Appellant knew of no store of a more substantial construction in the area.

Other testimony described the havoc caused by the tornado as it swept a wide path through this home and business area. The other somewhat adjacent buildings were substantially damaged although their walls did not cave in. The roofs were lifted off all of them, and the Crown Drug Store to the north was completely demolished. Numerous houses immediately adjacent to the store as well as throughout the area were levelled and reduced to rubble. The nearby Ruskin Heights High School building constructed of brick and tile located about a block and a half away and its wooden gymnasium were demolished.

In its final award denying compensation the Industrial Commission made the following finding: "Appellant sustained an accident on May 20, 1957, while on the employer's premises and during the usual hours of business. We further find that the fact that the employee was injured in this par-

ticular building, which was one of many damaged by the tornado, cannot be held to have subjected him to a greater hazard than others who were in the path of the storm. Stone v. Blackmer & Post Pipe Co. [224 Mo.App. 319], 27 S.W.2d 459; and see: Kripplaben v. Jos. Greenspon's Sons Iron & Steel Co. [227 Mo.App. 161], 50 S.W.2d 752. The accident did not 'arise out of' the employment."

■ Findings of the Industrial Commission must be supported by "competent and substantial evidence upon the whole record." V.A.M.S.Const. Article V, Sec. 22. On review of questions of fact decided by the Industrial Commission, our inquiry, as that of the circuit court, is limited to whether or not the findings of the Commission are supported by competent and substantial evidence upon the whole record. This does not mean that the reviewing court may substitute its own judgment on the evidence for that of the administrative tribunal. But it does authorize it to decide whether such tribunal could reasonably have made its findings, and reached its result, upon consideration of all the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence. Kansas City v. Rooney, en Banc, 363 Mo. 902, 254 S.W.2d 626.

■ Additionally, decisions of the Commission which are clearly the interpretation or application of the law, as distinguished from a determination of facts, are not binding on the reviewing court and fall within the court's province of review and correction. Vaseleou v. St. Louis Realty & Securities Co., 344 Mo. 1121, 130 S.W. 2d 538, Williams v. Anderson Air Activities, Mo.App., 319 S.W.2d 61.

Our Workmen's Compensation Law requires the accident to be one "arising out of and in the course of" the employment in order to be compensable. Section 287.120 RSMo 1949, V.A.M.S. These are separate tests and each must be satisfied. Every case must be determined upon its own facts.

It is tacitly conceded in the present case that the instant injury arose "in the course of" the employment for it occurred within the period of the employee's employment, at a place on the work premises where he might reasonably be and while he was engaged in a laudable effort to warn fellow employees and customers of the advancing tornado and to seek a place of safety. See Graves v. Central Electric Power Cooperative, Mo.Sup., 306 S.W.2d 500, 503.

But did it arise "out of" the employment? The Referee, Industrial Commission and Circuit Court ruled it did not.

■ Tornadoes are acts of God. The generally accepted rule is that an injury resulting to an employee by reasons of the elements or act of God may be compensable as an injury arising out of his employment only where it is shown that the nature of the employment subjects the employee to hazards from the forces of nature over and above those to which the public generally is exposed. The character of the employment in the involved aspect must be such as to intensify the risks that arise from the extraordinary natural cause. The test has been said to be not whether the injury was caused by an act of God but whether the one injured was by his employment specially endangered by the act of God. If not, the general rule that injuries resulting from exposure to weather conditions such as heat, cold, ice, snow, lightning and tornado are to be considered as risks to which the general public is exposed, and not within the purview of the Workmen's Compensation Law, applies even though the person at the time he received his injury may have been performing duties incidental to, and in the course of, his employment. 99 C.J.S. Workmen's Compensation §§ 249, 250; 6 Schneider, Workmen's Compensation, Sec. 1552, page 78. Thus, injury sustained as a result of a tornado is not ordinarily compensable unless the employee by reason of his employment is exposed to the risk of such harm to a greater degree than the public generally in the same vicinity. And

this is the rule which has heretofore been followed by the Appellate Courts of Missouri. Lake v. Midwest Packing Co., Mo. Sup., 301 S.W.2d 834; State ex rel. F. T. O'Dell Const. Co. v. Hostetter, 340 Mo. 1155, 104 S.W.2d 671; Stone v. Blackmer & Post Pipe Co., 224 Mo.App. 319, 27 S.W. 2d 459; Wessel v. St. Louis Car Co., 235 Mo.App. 499, 136 S.W.2d 388; Morris v. Dexter, 225 Mo.App. 449, 40 S.W.2d 750; Edmund S. Mills Corp. v. Stinebaker, Mo. App., 67 S.W.2d 821; Scherr v. Siding & Roofing Sales Co., Mo.App., 305 S.W.2d 62; Kripplaben v. Jos. Greenspon's Sons, Inc. & Steel Co., 227 Mo.App. 161, 50 S.W. 2d 752; Lunn v. Columbian Steel Tank Co., 364 Mo. 1241, 275 S.W.2d 298.

The peculiar or increased risk doctrine has its serious critics, and a few other states are commencing to apply what is termed the "positional-risk" test under which an injury is compensable if it would not have happened but for the fact that the conditions or obligations of the employment put claimant in the position where he was injured. Under such doctrine if he was injured by the collapse of a wall of the work premises no inquiry is made as to what occasioned that collapse. See, 1 Larson, Workmen's Compensation, Chap. III, Sec. 6, page 41 ff.; 58 Am.Jur., Workmen's Compensation, Sec. 260, page 762; Harvey v. Caddo De Soto Cotton Oil Co., 199 La. 720, 6 S.E.2d 747; Caswell's Case, 305 Mass. 500, 26 N.E.2d 328. However, as noted in the latter case, Missouri is not among these few allowing compensation under such circumstances but requires a special exposure to danger to be shown.

So long as our Supreme Court abides by this long-established rule of law, we are constrained to be guided by it, and rule that the Industrial Commission was substantially correct in its requirement in the instant case that appellant must be found to have submitted himself to a greater hazard than others who were in the path of the storm in order to recover compensation.

Our final question is, could the Industrial Commission reasonably have made its finding of fact that appellant was not subjected to a greater hazard than others who were in the path of the storm, and reached its result upon consideration of all the evidence before it? If so, we must affirm for we cannot substitute our judgment on the evidence for that of the administrative tribunal.

■ Appellant contends he was especially endangered by going to the back of the store to warn those there of the danger. Whether he was especially endangered by reason of his employment was an issue of fact for the Commission.

■ The evidence shows that the tornado wrought death, personal injury and destruction of property to a large area and that respondent's store occupied only a small portion of that area. Respondent's store building was as strongly constructed as others in the area. It is a well-known fact that tornadoes cause freakish and sometimes unexplainable damage and results. The fact that a portion of the south wall was blown down does not in itself require a finding that an employee in the south portion of the building was exposed to hazards from the storm over and above those of others in other places in the store. Nor does the evidence require a finding that this store presented a hazard from the storm over and above that of others in the path of the storm. The Commission may have felt that it was purely speculative, in view of all the evidence, to conclude that appellant would have been safer if he had either left the building or taken shelter in some other part of it and that his employment exposed him to a hazard of nature over and above that of the public generally who were in the area of the storm. We cannot fairly say that its finding of fact is not supported by competent and substantial evidence or that it is clearly contrary to the overwhelming weight of the evidence. It is not our province on this appeal to say whether the Industrial Commission could

properly have found from all the evidence that appellant was subjected to the increased risk required for recovery of compensation for the Industrial Commission did not make that finding. Cf. Continental Casualty Co. v. Smith, Tex.Civ.App., 227 S.W.2d 363; Stokely Foods v. Industrial Commission, 264 Wis. 102, 58 N.W.2d 285; Jackson v. Bailey, 234 Miss. 697, 107 So.2d 593; Jackson v. Clark & Fay, Inc., 197 Tenn. 135, 270 S.W.2d 389; Reid v. Automatic Electric Washer Co., 189 Iowa 964, 179 N. W. 323.

Accordingly, we must and do affirm the judgment of the circuit court affirming the Industrial Commission's final award denying compensation. It is so ordered.

All concur.