**Eugene PIERCE, Respondent,**

v.

**LUCE MANUFACTURING COMPANY,**
**and Michigan Mutual Liability**
**Company, Appellants.**

No. 23801.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1963.

Joseph B. Bott, Kansas City, for appellants.

Morrison, Hecker, Cozad & Morrison, Byron J. Beck, Kansas City, for respondent.

CROSS, Judge.

This is a workmen's compensation case. The employer, Luce Manufacturing Company, and its insurer have appealed from a judgment of the circuit court affirming the Industrial Commission's final award of compensation benefits in the sum of $1,127.37 to claimant-employee Eugene Pierce.

On November 17, 1958, claimant was employed by Luce as its credit manager and started to work in that capacity at the company's office and plant located at 6300 St. John, in Kansas City, Missouri. On the same day, and while engaged in his employment duties, he received injuries when he fell against a piece of broken glass from a window which was cracked and blown in by the wind.

Claimant went to work about 8:00 o'clock on the morning of the day noted and was assigned a desk next to a window in the southwest corner of the building. The window was approximately 6 feet high and 12 to 15 feet long. The desk was "immediately next to the window, approximately the middle". As claimant sat at the desk he was "sideways" to the window, and 3 or 4 feet from it.

The incident which caused the injuries occurred at approximately 12:30 P.M. during a rainstorm which was accompanied by high winds. As claimant was seated at that time in the position above described, with his knees under the desk, a gust of wind cracked the glass of the adjacent window and blew fragments from it into the room. Claimant heard the glass crack and "ducked away from it" attempting to avoid the incoming pieces. He stated that in so doing he turned suddenly and caught his knee on the side of the desk, and was thereby caused to fall against the floor with his hands extended to protect himself from falling flat. He testified, "By the time I got to the floor

glass had blown over me and I fell with one hand on a piece before I could stop myself". Claimant thereby sustained a laceration of his left hand which has caused a degree of permanent partial disability. The piece of glass which claimant fell upon and which cut his hand was not blown directly upon him but was already on the floor before he fell against it.

Claimant testified that the day of November 17th was very windy and rainy, that it started out to be windy when he went to work that morning and that the rainstorm and wind increased its intensity throughout the day. He stated that he didn't know the wind velocity but knew it was very strong and came in gusts. He didn't know whether it was "one of those gusts that blew out the window", but he knew "something blew it out".

An employee of Luce, who had been with the company since 1928, testified on its behalf that "It was raining and blowing, very stormy", and that it had been blowing off and on all morning. He further stated that the window above referred to was the only one blown out on the day in question and that to his knowledge no window had ever been blown out of the building before.

Over claimant's objection Luce introduced in evidence employer's Exhibit No. 1, a document which purports to be a report from the United States Weather Bureau maintained at the Kansas City Municipal Airport, across the Missouri River from Luce's building and several miles away. The exhibit was admitted without any identification and over claimant's objection. It shows by routine recordings entered in printed blank spaces that on November 17th, 1958, the average wind velocity was 22 m. p. h., and that the "fastest mile" relative to wind velocity on that day was at a speed of 56 m. p. h. recorded at 4:23 P.M. A typewritten notation at the bottom of the routine recordings states "considerable wind damage occurred over the area during the afternoon and evening of the 17th. Gusts reaching 75 m. p. h. were observed".

From the evidence adduced at the hearing before the referee, that official found that there was an accident, that claimant was in Luce's employ at the time thereof, and that it arose out of and in the course of the employment. Additional findings of the referee are as follows: "Employee, in 'ducking' and jerking away from a cracking window, struck his knee on his desk, which caused him to fall to the floor and injure his left hand on some glass which was on the floor. . . . I find from the evidence that on the 17th day of November, 1958, Eugene Pierce, while in the employ of Luce Manufacturing Company, sustained an accident arising out of and in the course of his employment causing an injury to the left, upper extremity resulting in permanent partial disability * * *". On the basis of the foregoing findings (and additional findings not pertinent here) the referee awarded claimant compensation in the sum we have previously noted.

Upon review the Industrial Commission found that the referee's award was supported by competent and substantial evidence, adopted his findings of fact, rulings and conclusions of law, and affirmed and adopted his award of compensation to claimant.

In a single point appellants contend essentially that the evidence shows as a matter of law that the accident causing claimant's injury directly and proximately resulted from the forces of nature or an act of God. Relying upon the rule followed by Missouri courts to the effect that an injury caused by an act of God is not compensable unless it is shown that the nature of the employment subjected the employee to hazards therefrom greater than those to which the public generally is exposed (see Williams v. Great Atlantic & Pacific Tea Co., Mo.App., 332 S.W.2d 296), appellants argue (on the assumption the injury was caused by act of God) that there is no evidence in the record to show that claimant Pierce was subjected to such increased hazards because of his employment, and that, therefore, it must be held as a matter of law that his injury did not arise out of his employ-

ment and is not compensable. Appellants admit, in effect, that claimant suffered an accident and that it arose in the course of his employment.

Respondent takes the position (1) that there is no evidence to show that an act of God caused the window to break and (2) that, even assuming the window was blown in by an act of God, the evidence does not support a determination that the wind was the sole cause of claimant's injury but that, on the contrary, it is sufficient to support the finding that the accident and injury *arose out of* the employment.

The ultimate appeal issue is whether or not claimant's accident arose out of his employment. Pertinent to our decision of this question are two fact issues which we define as follows: (1) Could the Commission have reasonably found that the accident was not the result of an act of God? (2) Assuming that under the whole record it must be held as a matter of law that the accident was an act of God, is there any substantial competent evidence from which the Commission could have found that the nature of claimant's employment subjected him to hazards from the act of God over and above those to which the public generally is exposed, and thus justify the ultimate finding that the accident arose out of the employment?

■ The fact issues raised here are not triable de novo by this court. Our review of decisions made by the Industrial Commission on questions of fact is limited to a determination of whether its findings are supported by "competent and substantial evidence upon the whole record". V.A.M.S. Constitution, Article V, Sec. 22. "This does not mean that the reviewing court may substitute its own judgment on the evidence for that of the administrative tribunal. But it does authorize it to decide whether such tribunal could reasonably have made its findings, and reached its result, upon consideration of all the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence. Kansas City v. Rooney, en Banc, 363 Mo. 902, 254 S.W.2d 626". Williams v. Great Atlantic & Pacific Tea Co., Mo.App., 332 S.W.2d 296.

■ From our review of the record we conclude that it contains substantial, competent evidence that plaintiff's injury was *not* caused by an act of God and that the Commission would have been justified in so finding. Corrington v. Kalicak, Mo.App., 319 S.W.2d 888, an "Act of God" is defined as " 'an occurrence due to natural causes against which ordinary skill and foresight is not expected to provide.' * * * It is an event in nature so extraordinary that the history of climatic variations in the locality affords no reasonable warning of their coming." Illustratively, so far as the force of wind is concerned, a tornado would meet the defined test. Williams v. Great Atlantic & Pacific Tea Co., supra.

In this case there is little evidence of substance to support a finding that the gust of wind which broke the window was an act of God as it is defined and recognized by the courts. Aside from the weather report, there is no showing other than that the wind and rains which began on the morning of November 17th increased during the day, that "it was very windy and rainy", that the wind velocity was "very strong" and "came in gusts", that "it was raining and blowing, very stormy", and that "it had been blowing off and on all morning". There is no evidence whatsoever to indicate the velocity of the wind gusts at the Luce plant or in that neighborhood. There is no showing that any other specific damage was done at the Luce plant or in its general area, or that any person other than claimant was injured. The window referred to in evidence was the only one blown out of the Luce building or any other building insofar as the record discloses. There is a complete lack of evidence that the winds were unusually severe at any particular time on the day of the accident or that they were so "extraordi-

nary that the history of climatic variations in the locality affords no reasonable warning of their coming". And, even if the unidentified weather report be accepted as competent evidence, it still fails to establish what the wind velocity was at 12:30 P.M. on November 17, 1958, or that it was unusual or extraordinary for the area in question. We are unwilling to rule, as a matter of law, that the force which cracked and blew in the window was an act of God. The determination of that question was for the commission.

█ It is the rule that a finding by the Commission that an accident *arose out of* and in the course of the employment is conclusive, when supported by any substantial competent evidence. Crutcher v. Curtiss-Robertson Airplane Mfg. Co., 331 Mo. 169, 52 S.W.2d 1019; Thurber v. Allied Motors Co., 235 Mo.App. 1191, 150 S.W.2d 1109. As the court said in Pearce v. Modern Sand & Gravel Co., 231 Mo.App. 823, 99 S.W.2d 850, "It is well-settled law that the finding(s) of the Workmen's Compensation Commission that the accident arose out of and in the course of employment is a finding of fact, which is conclusive on the circuit court and on this court, as would be the verdict of the jury if supported by competent and substantial testimony." In accordance with these principles we necessarily rule that the same evidence we have held sufficient to support a finding by the Commission that there was no act of God likewise is sufficient to support the specific finding of the Commission that the accident arose out of claimant's employment.

In view of our ruling above, any discussion of whether claimant would have been exposed to a greater risk of harm from an act of God than that to which the public generally was exposed has become academic and is unnecessary.

It is our conclusion that the decisions and final award of the Commission are adequately supported by competent and substantial evidence upon the whole record, are not contrary to the overwhelming weight of the evidence and rest upon a sound interpretation and proper application of the law. The judgment of the circuit court affirming the award should be affirmed.

It is so ordered.

All concur, including HIGGINS, Special Judge.

SPERRY, C., not participating.