Louis A. SCHMIDT, Plaintiff-Respondent,

v.

ADAMS & SONS GROCER COMPANY and Western Casualty and Surety Company, Insurers, Defendants-Appellants.

No. 23939.

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

Nolan Chapman, Jr., Chapman & Chapman, Chillicothe, for appellants.

R. Leroy Miller, Trenton, for respondent.

SPERRY, Commissioner.

This is an appeal from the judgment of the Circuit Court reversing an award of the Industrial Commission of Missouri in favor of employer and insurer and against claimant, and entering judgment for claimant in the sum of $9,075.00, as compensation for injuries received by him.

Plaintiff, Louis A. Schmidt, was employed by Adams & Sons Grocer Company. He was injured by lightning, while in the course of his employment, and filed claim therefor with the Commission. A hearing was held before a referee who found that the injury arose out of and in the course of his employment, and awarded plaintiff the sum of $9,075.00.

Upon review by the full Commission the award was for the employer and against plaintiff herein. Plaintiff appealed to the Circuit Court where the award of the full

Commission was reversed and judgment was entered for plaintiff in the sum of $9,075.00. This appeal followed.

Plaintiff was in the employ of defendant as a truck driver. His duties consisted of operating a truck, loading and unloading merchandise from trucks and railroad cars, and of delivering merchandise for his employer, who was engaged in the wholesale grocery business. While engaged in his duties he wa's seriously injured by lightning. The referee found from the evidence adduced at the hearing that plaintiff's injuries arose "out of and in the course of" his employment. The full Commission found that plaintiff "was injured by either a direct stroke of lightning or an induced current on July 14th, 1958; that said accidental injuries arose *in the course* of his employment * * * but that the same *did not arise out of said employment.*" (Emphasis ours.)

The law governing our review is stated in Gennari v. Norwood Hills Corp., Mo., 322 S.W.2d 718, 724:

"Our review is limited to a determination of whether the findings of the Industrial Commission are supported by competent and substantial evidence upon the whole record and we are not at liberty to substitute our judgment for that of the administrative tribunal unless the *findings are clearly contrary to the overwhelming weight of the evidence.* Lake v. Midwest Packing Co., Mo., 301 S.W.2d 834, 835(3); Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647, 649." (Emphasis ours.)

The facts are not in dispute. Plaintiff testified to the effect that he was instructed by his employer to go out-side of the warehouse, at the east door, and load some groceries; that it was raining; that his clothing was wet; that the ground where he stood was wet; that defendant's all metal truck was backed up to the loading platform; that there was also an automobile backed up to the platform, on the south side

of the truck; that the merchandise was not yet being handed out of the door for loading; that he had his left hand against the building, about three feet from the light switch; that he put his other hand on the truck to look out over the tail gate, to see if the merchandise was about to arrive; that this was the last he remembered.

He stated that the building was wet; that the electric wiring came into the warehouse right above the switch box over the door from which merchandise was to be carried to the loading platform; that the wiring came in through the roof of the building, from the east; that the electrical wiring was not grounded.

Mr. Reeter gave testimony to the effect that, when the accident occurred, he heard thunder and saw lightning; that, immediately thereafter, he heard a sizzling sound at the south side of the door; that there were others in front of the building, in addition to plaintiff; that, immediately after the thunder and lightning occurred he looked out and saw plaintiff staggering around sidewise, holding his arm; that he was in pain; that witness assisted him to sit down; that he was helped to a car and was taken to a doctor immediately thereafter.

Mr. Thorpe stated that he was an employee of defendant and was present, within a few feet of the door, when plaintiff was injured; that there was a rain storm and much lightning; that, immediately thereafter, plaintiff was in a dazed condition; that he took him to a doctor; that there are no more wires near the east door of the warehouse than there are at other places in the vicinity; that a ball of fire went "right up the truck" after the lightning flashed and the thunder sounded.

Dr. Whitehead, Ph. D., professor of Electrical Engineering and Registered Professional Engineer, Illinois Institute of Technology, qualified as an expert in the field of Electrical Engineering. He stated that he had had experience with electricity and lightning; that lightning is, simply, elec-tricity. He was asked a hypothetical question based upon the facts in evidence as to the circumstance under which plaintiff was injured by lightning. Answering, he stated that, based on the facts and circumstances, plaintiff could have been struck directly, that the truck may have been struck, or that the building may have been struck; that the latter was more probable because of the height of the building; that a portion of the electricity could have been conducted into plaintiff's hand through the wet concrete blocks of the building. He stated that, if the electricity came through the building, he thought it was not more likely to come through that building than through any other building in Chillicothe of similar height; that plaintiff was no more likely to have been struck through the truck than by reason of any other metal truck. He stated that, in the circumstances here shown, he could think of no reason why plaintiff's employment had anything to do with the accident.

◼ If the evidence in a case of this kind is undisputed and uncontradicted, and if but one inference can be drawn from it, the question presented is one of law. But where the evidence is conflicting or where different inferences may reasonably be drawn therefrom, both the weight of the evidence and the credibility of the witnesses are for the Commission to determine. O'Neil v. Fred Evans Motor Sales Co., Mo. App., 160 S.W.2d 775, 779.

◼ In this case, the burden of proving that his injuries arose out of his employment rested on plaintiff. Heaton v. Ferrell, Mo.App., 325 S.W.2d 800, 806. It is not enough that plaintiff was injured while he was regularly employed. He was injured by an act of God; and, unless he was, by reason of his employment, exposed to the risk of being struck by lightning to a greater degree than was the public generally, in the same vicinity, he can not have Workmen's Compensation for his injuries. Williams v. Great Atlantic & Pacific Tea Company, Mo.App., 332 S.W.2d 296, 298.

It is not shown how the electric current reached him. There is no evidence tending to prove that plaintiff was exposed to greater danger of being injured by lightning than others in the general area where he was employed.

The judgment is reversed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.