George W. **LASHBROOK** (Employee),
Respondent,

v.

**CLIPPER MANUFACTURING COMPANY**
(Employer), Liberty Mutual Insurance
Company (Insurer), Appellants.

No. 23954.

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

A. Warren Francis, Lloyd A. Hamrick, Kansas City, for appellants.

Richard B. Curtis, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is a Workmen's Compensation case. The Referee awarded claimant the sum of $1200. From that finding the employer and insurer timely filed their application for review and the Industrial Commission entered its final award denying compensation. The specific finding of fact by the Industrial Commission is as follows:

"We find from the credible evidence that the employee has failed to carry the burden of proving that he sustained an accident on or about February 25, 1961, arising out of and in the course of his employment with Clipper Manufacturing Company."

The claimant took an appeal to the Circuit Court where a judgment was entered overruling the Commission because the facts found by the Commission did not support the award. From that judgment the employer and insurer perfected this appeal to this court.

The claimant testified that on Saturday, February 25, 1961, he was working alone

in the stock room where his duties required that he carry packages containing 20 reams of paper upstairs to the stock room. Each package was approximately two feet long, one foot wide and one foot deep and weighed approximately 100 pounds. It was claimant's duty to move the paper from the receiving dock up one flight of stairs to the stock room. The claimant testified that he picked up a bundle of paper and just as he got it waist high his right foot slipped and the paper started dropping and as he grabbed it he put his back in a twist and that he fell down to his knees with his hands at the top of the paper. The claimant testified that he felt pain immediately in his back and in his lower right abdomen. There was no supervisor at work that day for the claimant to report to so he signed out and went home. After arriving home claimant's wife called Dr. Waxman and at approximately 1 or 1:30 p. m. on Saturday, February 25, 1961, claimant met Dr. Waxman at his office at 4848 Prospect. Thereafter claimant was directed to Menorah Medical Center by Dr. Waxman and admitted as a patient on that same day. Claimant received daily heat treatments to the low back while in the hospital. He was discharged from the hospital on March 7 or 8, 1961, fitted for a brace prescribed by Dr. Waxman and continued to be treated by Dr. Waxman weekly in his office until approximately April 10, 1961. Claimant had no complaints referable to the abdomen at the time of the trial.

On cross-examination claimant identified his signature on employer and insurer's Exhibit No. 1 and testified that he talked to an insurance man who asked him questions about the incident; that the claimant told him the truth to his best knowledge; that the insurance representative wrote down the things claimant told him and thereafter claimant read it and wrote over his signature "the statement is true to the best of my knowledge." Claimant testified that 12 days after the alleged accident he told the adjuster that he did not slip, trip or fall while picking up the paper.

The Menorah Medical Center records of claimant's confinement were offered and admitted in evidence as claimant's Exhibit B. The discharge summary sheet shows that claimant was discharged on March 5, 1961, after having been hospitalized for chief complaint of onset of left lower abdominal pain. The progress record indicates the onset of the pain was February 24, 1961.

Dr. David Waxman, the treating doctor, was produced and testified in behalf of claimant that the first complaints were referable to the left lower quadrant and left side and left back; that the major concern was the abdominal pain; that claimant was discharged from Menorah on March 5, 1961; that the doctor thereafter saw him at his office on March 7 and March 10, 1961. The doctor testified that he last saw the claimant for this condition on March 10, 1961. Dr. Waxman had no record of prescribing a back brace for the claimant.

The evidence offered in behalf of the employer and insurer touching upon the issues in this appeal, was by witnesses Charles Henry Arnspiger, claimant's supervisor and Eugene Louie Wulf, claims adjuster for the insurer, and Dr. Paul Joseph Centner.

Mr. Arnspiger testified that the reams of paper come 10 to a carton; that the carton size is 11" x 17" x 12" and would weigh approximately 40 to 50 pounds. The claimant reported to Mr. Arnspiger on February 25, 1961, that he had injured himself the day before and had reinjured himself the morning of the 25th while lifting reams of paper but Arnspiger did not ask him specifically whether he had slipped or fallen.

Eugene Louie Wulf, called as a witness in behalf of the employer and insurer testified that he investigated the claim of George Lashbrook against the Clipper Man-

ufacturing Company and on March 9, 1961, took a written statement from claimant. Mr. Wulf specifically asked claimant if he slipped or fell and claimant stated that he did not slip or fall. Mr. Wulf testified that the claimant told him that he was lifting a carton of paper when he felt the pain and there was nothing accompanying that lifting to cause the pain; that he put into the statement (employer and insurer's Exhibit No. 1) what was told to him by Mr. Lashbrook.

Dr. Centner testified that the first time he saw claimant was on September 24, 1960; that claimant had been referred to him by the Clipper Manufacturing Company. Dr. Centner testified that claimant's specific complaints at that time were: "That his back was hurting for the second time in three months. He stated that while lifting a box weighing 260 pounds on September 16, he felt something pop across the small of the back. He continued working but noted pain and aching especially on lifting which stayed about the same. In that regard he reported that three months previously he had an aching begin in the same area without any particular incident but while doing lifting work. At that time he had been seen by a physician who advised a brace which was not obtained."

■ The law is well settled that on review of questions of fact decided by the Industrial Commission, our inquiry, as is that of the Circuit Court, is limited to whether or not the findings of the Commission are supported by substantial evidence upon the whole record. The reviewing court may not substitute its own judgment on the evidence for that of the administrative tribunal. Jones v. Purity Textiles Corporation, Mo.App., 328 S.W.2d 714; Love v. Land, Mo.App., 356 S.W.2d 105. And the appellate court must review the evidence in a light most favorable to the prevailing party. Smith v. Cascade Laundry Co., Mo.App., 335 S.W.2d 501.

■ As said in the case of Noto v. Hemp & Co., 231 Mo.App. 982, 83 S.W. 2d 136, 139:

"The commission, as a fact finding body, might well discredit the testimony of the claimant on the ground that it lacked corroboration. In other words, it was the province of the commission to believe or not to believe the testimony, and, if the commission did not believe the claimant as to the essential facts, they necessarily could base their award of no compensation upon such finding that he had failed to meet the burden resting upon him of proving that the rupture was the result of an accident arising out of and in the course of his employment."

■ The Commission's finding on credibility of the evidence is not arbitrary but based upon substantial testimony on the record as a whole. Not only was there a conflict between the claimant's testimony at the time of the trial and the written statement given by him shortly after the occurrence concerning whether he sustained an accident but there were many other conflicts in the evidence from which the Commission could reasonably make its finding denying compensation because claimant failed to prove by credible evidence that he sustained an accident.

One such conflict involved the location of the initial injury. The claimant testified that the initial injury was to his back and that his right groin also hurt but that he had no injury to the left abdomen. Claimant's Exhibit B, the hospital records on the claimant's confinement, indicated that the initial and primary complaint was referable to the left inguinal and left testicle region and the first complaint of back pain was on the second day of hospitalization. Dr. Waxman testified that the initial primary complaints were referable to the left lower quadrant and left side rather than the right side.

Another sharp conflict in the evidence is whether claimant had sustained a prior injury to his back for which he had received treatment. The claimant testified that he had not been treated by Dr. Centner for prior back trouble and when called in rebuttal, testified that he had no knowledge or recollection of having been treated by Dr. Centner nor the incident which might have caused him to seek Dr. Centner's services. Dr. Centner, called as a witness in behalf of the employer and insurer, testified that he first saw the claimant on September 24, 1960, for a back complaint which was the second occurrence within a three month period and that he was in the office three days later for additional treatment to his low back.

From our consideration of the transcript we conclude that the judgment of the Circuit Court should be reversed and the cause remanded with directions to enter a judgment affirming the award of the Industrial Commission. It is so ordered.

All concur.