**C. W. BUZZARD, Appellant,**

v.

**M. E. MORRIS, successor to Milton Carpenter, State Treasurer and Custodian of Second Injury Fund, Respondent,**

**C. W. Nofsinger Co., et al., Defendants.**

**No. 51963.**

Supreme Court of Missouri,
Division No. 2.

Dec. 12, 1966.

Motion for Rehearing or to Transfer to Court En Banc Denied Jan. 9, 1967.

Douglas & Douglas, Neosho, for appellant.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

Appellant's claim [against the Second Injury Fund (§ 287.220, RSMo 1959, V.A. M.S.)] for total (100%) disability allowed by Referee Richard D. Moss of the Division of Workmen's Compensation was modified by the Industrial Commission of Missouri from an award of $40.00 per week for 200 weeks and $27.50 per week thereafter for life to 60 weeks of compensation at the rate of $40.00 per week. The Industrial Commission, upon review, found that appellant was 90% total disabled rather than the 100% disablement found by the Referee. The Circuit Court affirmed the award of the Industrial Commission.

We have appellate jurisdiction by reason of the Treasurer of Missouri, as Custodian of the Second Injury Fund, a state officer, being a party. Grant v. Neal, Mo., 381 S.W.2d 838.

Appellant's three points, which we group, are that (1) the Industrial Commission acted without or in excess of its powers by reducing the award made by the Referee; (2) the facts found by the Industrial Commission do not support the award, and there was not sufficient competent evidence in the record to justify the Industrial Commission in modifying the award; and (3) there is sufficient undisputed and uncontradicted evidence that only one inference can be drawn from it, and the question here becomes one of law and hence reviewable by the court.

The previous disability to that for which appellant now claims compensation from the Second Injury Fund was occasioned by his being struck by a German bazooka on April 26, 1945, while in the United States Army. As a result, his right leg was amputated 5½ inches below the knee and

his left leg was amputated 5 inches below the knee. Appellant's present claim is for injuries suffered in an automobile accident near Diamond, Missouri, while he was on his way to work at the Atlas Chemical plant on August 17, 1961. Claim was filed for compensation against appellant's employer, C. W. Nofsinger Co., and was settled by compromise, approved by the Division of Workmen's Compensation on August 13, 1962, for $4,900.00. On July 17, 1964, appellant filed his claim (arising out of the August 17, 1961 automobile accident) against the Second Injury Fund.

The facts, relating to the extent of disability, are that appellant was examined medically by three physicians, two of his own choosing, Dr. B. E. DeTar, Jr., and Dr. Lewis Ferguson, both general surgeons, and one appointed by the Referee, Dr. A. H. Diehr, an orthopedist in St. Louis, Missouri, whose written report was placed in evidence without objection under § 287.210 (2), RSMo 1959, V.A.M.S.

Dr. Ferguson testified that appellant was fifty per cent disabled, because of his amputations, prior to the August, 1961 accident. In that accident he received an additional fifteen per cent disability, and it was his opinion that appellant is "permanently and totally disabled to the one hundred percent. I do not believe he can work again gainfully." It was his further opinion that the accident in no way added to the injury to appellant's legs—it added to his back, his neck, and he also developed a shoulder difficulty. Due to the amputations, he is getting worse, but as a result of the bilateral amputation and the disability sustained in the accident, combined, appellant was made a hundred per cent disabled, total and permanent.

Dr. DeTar testified that appellant had (from the automobile accident) a 25 to 35 per cent disability over and above the previous disability of the amputations. The combination of the amputations disability and the 25 to 35 per cent disability was, in Dr. DeTar's opinion, over a hundred per

cent, and that he would not be employable. From his examination he reported that appellant has the following permanent disabilities: "(1) Non-union fracture of the right mandible. (2) Traumatic left subscapular bursitis and/or myositis, chronic. (3) Low back pain, due to sclerosing arthritis of the left hypophysial joint at L–5 and S–1; and fractures of the transverse processes of the 3rd and 4th lumbar vertebrae, these having been demonstrated on prior x-rays at a previous examination. (4) Chronic cervical and upper thoracic sprain. (5) Bilateral below-the-knee amputation. Due to these combined findings, it is my opinion that this man has a permanent total disability over and above 100 per cent."

Dr. Diehr found that there was no evidence of any increased disability in appellant's legs as a result of the last accident, which did not affect the use of his legs "and he has exceptionally good use of his legs." He did not consider appellant totally and permanently disabled at this time (the date of the report is April 9, 1964). It was his opinion that his estimated small percentage (an additional 5%) as a result of his last accident, when combined with all pre-existing disabilities, would constitute no greater disability than the sum of each considered alone and of itself.

■ There was a conflict, as is above set forth, in the medical conclusions as to the extent of appellant's disability resulting from the August 17, 1961 automobile accident. There was disputed and contradicted evidence before the Industrial Commission from which different findings could be made. The report and conclusion of Dr. Diehr was sufficient substantial (and competent) evidence to support the award modifying the Referee's award. In such case we may not disturb the finding of the Industrial Commission. § 287.490, RSMo 1959, V.A.M.S.; Williams v. Anderson Air Activities, Mo.App., 319 S.W.2d 61, 65 [3–5], and cases there cited. The case does not descend to a question of law only, and certainly the Industrial Commission did

not act without and in excess of its powers in reducing the award. Appellant does not show to us that the Commission did so. Schmidt v. Adams & Sons Grocer Company, Mo.App., 377 S.W.2d 564, does not aid him. Appellant's points are overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.