Donald FOWLER, Appellant-Employee,

v.

MONARCH PLASTICS,
Respondent-Employer.

No. 48276.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 20, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 7, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Morris B. Kessler, St. Louis, for appellant-employee.

Adrian DeYoung, Luke & Cunliff, St. Louis, for respondent-employer.

DOWD, Presiding Judge.

Appellant-employee Donald Fowler appeals from an adverse judgment of the Circuit Court of Franklin County affirming the award of the Labor and Industrial Relations Commission (hereinafter referred to as commission). The commission reversed the award of the Administrative Law Judge (hereinafter referred to as ALJ) who

granted Fowler workmen compensation benefits under Chapter 287 RSMo 1969.

Appellant seeks benefits as compensation for a personal injury to his lower back sustained in the course of his employment with respondents Monarch Plastics.[1] The injury supposedly occurred in January, 1969. Appellant initiated this claim in November, 1978. During this period, he has received numerous treatments for his back pain by a variety of doctors. He defends his nearly ten (10) years of inaction by positing lack of knowledge that such compensatory relief existed. He only became aware that benefits might still be obtainable upon mentioning his back problems to an attorney-friend.

On May 27, 1982, the Division of Workmen's Compensation held a hearing to determine the validity of Fowler's claim. Before the hearing, the ALJ had granted Fowler's motion to compel Monarch Plastics to file an injury report as required by § 287.380 RSMo 1969.[2] Such a filing enabled Fowler to submit his claim pursuant to § 287.430.

The undisputed facts adduced at the hearing indicates that Fowler was employed at Monarch Plastics when the injury supposedly occurred and that Fowler does have a permanent partial disability of his lower back. The dispute focuses on whether Fowler's injury arose out of and in the course of his employment with the Monarch Plastics, and whether he gave 30 days notice of his injury to his employer as required by § 287.420. As a result of this hearing, the ALJ found for Fowler's on these issues. On appeal to the commission, the ALJ's findings on both issues were reversed. The commission was affirmed by the circuit court.

On appeal, Fowler raises three points of contention. First, the determination by the commission that the employee failed to notify his employer as required by § 287.420 was totally unsupported by the sufficiency and weight of the evidence. Second, the

filing of the injury report by the employer with the Division of Workmen's Compensation as ordered by the ALJ ten years after the alleged accident tolled the statute of limitations, § 287.380. Lastly, Fowler contends that the ALJ did have the authority to order the employer to file the before-mentioned report.

■■■ Concerning Fowler's first point, this court may not substitute its own judgment on the evidence for that of the commission's. *Michler v. Krey Packing Co.,* 363 Mo. 707, 253 S.W.2d 136, 141 (Mo. banc 1952). The commission is the judge of the credibility of witnesses. *Merriman v. Ben Gutman Truck Service, Inc.,* 392 S.W.2d 292, 296 (Mo.1965). The commission may disbelieve the testimony of a witness even though no contradictory or impeaching testimony appears. *Vogel v. Hall Implement Co.,* 551 S.W.2d 922, 923 (Mo.App.1977). Our ultimate obligation is to determine whether the commission could reasonably have made its findings and reached its result upon consideration of all the evidence. It is only where the commission's finding and award is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence, viewed in a light most favorable to the commission's award, that this court should disturb the award. *Kite v. Polsky Motors, Inc.,* 614 S.W.2d 294, 299–300 (Mo.App.1981). Being cognizant of these general principles governing our review of workmen's compensation cases, we now turn our attention to the evidence in the record on which the commission made its award.

At the hearing, Fowler testified that he was the Chief of Police in Union, Missouri. He has held this position since April, 1974. He originally joined the Union Police Department in September, 1970, after leaving his employment at Hillerman Nursery. Between 1968 and September 1970, Fowler alternated jobs with Hillerman Nursery and Monarch Plastics. During this period, he worked for Monarch Plastics twice and for Hillerman Nursery three times. Prior

---

**1.** Today, Monarch Plastics is known as Jim Walters Plastics.

**2.** All statutory reference are made to RSMo 1969 unless otherwise noted.

to this period he held jobs in a filling station and as a permaneer. From 1963 to 1966, Fowler spent three years in the military as a paratrooper who made sixteen parachute jumps.

While at Monarch Plastics, Fowler was employed as a relief man and hopper filler. As a hopper filler, his job entailed lifting a heavy drawer of a grinder over his head. This drawer contained reusable material which must be lifted off the ground and emptied into the hopper. Fowler claims that one particular night in January, 1969, while lifting an unusually heavy drawer, he started to slip forward. In an effort to return the drawer to the floor, he hurt his lower back. Since Fowler worked the night shift, no one witnessed the incident. He does claim that he mentioned the pain in his back to his shift-foreman, Charles Angell, within a half-hour of the injury. At the time, Fowler was a social acquaintance of Roy Holthaus, a manager at the plant. Fowler did not recall ever mentioning the injury to Holthaus. No report of this incident was ever filed by Monarch Plastics with the Division of Workmen's Compensation. The first doctor from whom Fowler sought treatment was a Dr. Greenstreet, D.C.; Fowler did not know whether this doctor still maintained a practice. Consequently, Dr. Greenstreet was never called to testify.

To corroborate his testimony Dr. Clark, D.C. testified for Fowler. Dr. Clark has been treating Fowler's symptoms since December, 1969. From January, 1969, to December, 1969, Dr. Greenstreet was the treating physician. Dr. Clark also testified that Dr. Greenstreet still maintains a limited practice in Union, Missouri.

Charles Angell, the shift foreman and a resident of Union, testified for Monarch Plastics. Basically, his testimony contradicted Chief Fowler's in that he never received notice of the injury, as required by § 287.420. Had notice been given, Angell was required to file an accident report with Roy Holthaus. No such report exists in the record. On cross examination, Angell refused to say that he thought Chief Fowl-

er was lying. This refusal does not serve to negate his earlier testimony contradicting the employee.

Upon review of the whole record, we believe that the commission could have reasonably made its findings and reached its result after considering all the evidence before it. From 1968 through September, 1970, Fowler worked intermittently with Monarch Plastics and Hillerman Nursery. Fowler produced a corroborating witness, Dr. Clark, to prove the existence of his back injury. He did not produce the witness, Dr. Greenstreet, who could substantiate when the injury occurred. Dr. Clark commenced treating him when Fowler worked at Hillerman Nursery not Monarch Plastics. The employee who is police chief of Union, Missouri, claimed ignorance of Dr. Greenstreet's whereabouts. Yet Dr. Clark knew that Dr. Greenstreet still maintained a limited practice in Union, Missouri. Certainly, a police officer with years of field experience could utilize his investigative skills to locate a practicing doctor in a town where that police officer was also the chief of police.

We do not say that we disbelieve Chief Fowler; the commission judges the credibility of a witness. We review the record to determine whether sufficient competent evidence exists on which the commission could have reached its award. As we find the commission did reach its award based upon competent evidence supporting its disbelief as to the issues of notice and situs of injury, we are required to affirm it. Since the commission found against Fowler on these issues, the two remaining contentions lack ripeness for review. Without timely notice to the employer of an injury to an employee, the wheels of process involving workmen's compensation do not grind. See § 287.420.

Judgment affirmed.

CRIST and CRANDALL, JJ., concur.