Stanislaw B. **WOTLINSKI**,
Claimant-Appellant,

v.

LaFLAM **BINDERY**,
Employer-Respondent.

No. 50924.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 9, 1986.

Ray A. Gerritzen, Gerritzen & Gerritzen, St. Louis, for claimant-appellant.

George T. Floros, Evans & Dixon, St. Louis, for employer-respondent.

CARL R. GAERTNER, Presiding Judge.

Workers' compensation claimant, Stanislaw Wotlinski, appeals from the decision of the Labor and Industrial Relations Commission reducing the award of the administrative law judge from $15,433.36 to $9,372.92. The sole issue on appeal is whether the Commission properly applied § 287.250(5), RSMo.Cum.Supp.1984, instead of § 287.250(3) in determining the appropriate rate of compensation.

The Commission found the following facts. Claimant had worked for his employer, LaFlam Bindery, Inc., for 11 days before his injury. He was told he would work wherever he was needed throughout the plant. Each day he was instructed by a supervisor where he was to work. During his employment he worked on various paper cutters and sometimes emptied trash and cleaned up around the machines. There were no less than 9 other employees working in the same capacity and performing similar tasks. Claimant's rate of pay was $3.50 per hour. He was injured while operating a paper cutting machine which partially amputated three fingers of his left hand. The Commission's finding that the employer was liable for 90 weeks of permanent partial disability and 22 weeks of temporary total disability, in addition to the medical expenses furnished, is uncontested. The parties have stipulated that the employer operated 260 days per year.

Crucial to the determination of the disputed issue are the trial tactics and strategies adopted by the respective parties.

The hearing before the administrative law judge commenced on October 3, 1984. Claimant had caused a subpoena duces tecum to be issued for the employer's payroll records. This subpoena was served upon the employer less than 24 hours before the scheduled hearing. Because the company's payroll records were kept and processed by an independent data processing company, it was not possible to produce them on such short notice. With the consent of the parties, the administrative law judge ordered that the records be produced as soon as they could be assembled and that they would be admitted in evidence without further proceedings unless there was some objection. When the claimant then offered the testimony of a union officer regarding the pay scale of journeymen binders and apprentice paper cutters in the St. Louis area, the employer strenuously objected that such evidence was irrelevant in the absence of proof of the unavailability of the evidence of wages paid by the same employer for the same employment at the same location. The administrative law judge received the testimony subject to a later ruling upon this objection.

Subsequently, claimant refused to stipulate to the identification and authenticity of the employer's payroll records. A second hearing was scheduled for October 29, 1984, at which the payroll records were produced by the employer's president. Claimant's attorney declined to question the witness or to introduce the records and stated that he would stand on the testimony of the union officer. The employer's attorney likewise declined to introduce the records.

In his award the administrative law judge ruled that because the evidence of the earnings of others of the same class in the same employment and same location was not presented on the record, the wages testified to by the union officer were to be used in computing the compensation rate under § 287.250(3). On appeal, the Commission overturned this ruling, holding that because the burden of proof as to every issue in the case is upon the claimant, the failure to introduce evidence regarding claimant's fellow employees made § 287.-250(5) applicable.

The disputed issue, the appropriate rate of compensation, is to be determined on the basis on of the applicable subsection of § 287.250, RSMo.Cum.Supp.1984, which prescribes how compensation is to be computed. The statute has 10 subsections.

[I]t is necessary to commence with the first subsection and then to descend in numerical order under the other subsections until the wage rate provision is found that applies to the particular facts of the case.

*Stegeman v. St. Louis Francis Xavier Parish,* 611 S.W.2d 204, 210 (Mo.banc 1981), quoting from *Glazebrook v. Hazelwood School District,* 498 S.W.2d 823, 826 (Mo.App.1973).

Examining the subsections in descending order we quickly pass by subsections one and two as the parties agree they have no application under the facts of this case. Subsection three provides:

(3) If the injured employee has not been engaged in the employment of the same employer for the full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same employment and same location (or if that be impracticable, of neighboring employments of the same kind) have earned during the period.

Claimant contends the Commission erred in holding this subsection to be inapplicable. We find no error on the basis of the evidence produced by claimant in this case.

Under subsection three two methods of computing the compensation rate for an injured person of less than one year's employment are possible. The primary method is by showing the annual earnings of persons in the same class in the same employment and the same location. This language has been construed to mean "other persons of the same class in the employment of the same employer...." *Metzinger v. H.A. Dailey, Inc.,* 358 Mo. 689, 216 S.W.2d 480, 485 (1948). The secondary

method of computing the compensation rate, based upon annual average earnings of neighboring employments of the same kind, is available only if the first method is "impracticable." In the absence of evidence showing the impracticability of proving the average earnings of persons of the same class in the same employment of the same employer at the same location, evidence relating to the earnings in neighboring employments is inadmissible. *Id.* "Impracticable" is defined as "incapable of being performed or accomplished by the means employed or at command." Webster's Third New International Dictionary of the English Language, unabridged (1981). Far from proving the impracticability of showing the average earnings of persons of the same class in the employment of the same employer at the same location, claimant's attorney deliberately chose not to introduce such evidence after it had been produced by the employer in response to claimant's subpoena duces tecum. It is axiomatic that the claimant has the burden of proving all of the material elements of his claim. *Meilves v. Morris,* 422 S.W.2d 335, 339 (Mo.1968). In this case claimant has failed to sustain his burden of showing subsection three to be the applicable statutory provision for determining the proper rate of compensation.

We reject claimant's suggestion that the failure of the employer to introduce the records into evidence creates an inference that no other employees were in the same class as claimant. No adverse inference arises from the failure of one party to introduce documentary evidence which is physically present and equally available to another party. Once documentary evidence has been produced and made available for the use of all parties, none of the factors giving rise to an adverse inference from the failure of a party to produce a human witness with whom he has a particular relationship exist. *See Hill v. Boles,* 583 S.W.2d 141, 145 (Mo.banc 1979). Moreover, the inference claimant urges us to draw from the failure of the employee to introduce the records is expressly refuted by the finding of the Commission that

there were no less than 9 employees of the same class and the same employment and the same location as claimant. This finding is supported by claimant's own testimony and we are not at liberty to disregard it. *Fowler v. Monarch Plastics,* 684 S.W.2d 429, 430 (Mo.App.1984). We agree with the conclusion of the Commission that since claimant failed to prove the impracticability of obtaining wage information of individuals doing the same work for the same employer at the same location, the testimony of the union representative regarding neighboring employments of like kind was erroneously admitted and should not be considered.

Subsection four of the statute has no application because the claimant and the employer did not customarily operate throughout the 300 working days of the year. *Glazebrook v. Hazelwood School District,* 498 S.W.2d 823, 827 (Mo.App. 1973). Therefore, because it was stipulated that the employer was in operation 260 days per year, and because the claimant decided to introduce no competent evidence from which his annual earnings could otherwise be determined, subsection five of the statute is applicable. *Noland v. George Tatum Mercantile Company,* 313 S.W.2d 633, 638 (Mo.1958). Subsection five provides:

As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year, that number, if the annual earnings are not otherwise determinable, shall be used instead of 300 as a basis for computing the annual earnings; provided, the minimum number of days which shall be so used for the basis of the year's work shall be not less than 200.

From the record presented to it, the Commission had no means of determining claimant's annual earnings except by multiplying his average daily wage by the stipulated number of days of operation per year. *Noland,* 313 S.W.2d at 638. The Commis-

sion computed the rate of compensation in the following manner:

$3.50 per hour $\times$ 8 hours per day = $28.00 per day

$28.00 per day $\times$ 260 days per year = $7,280.00 per year

$7,280.00 per year divided by 52 weeks = $140.00 per week

$140.00 per week $\times$ 66⅔% (§ 287.195.5) = $93.33 per week

We agree with the Commission's conclusion that § 287.250(5) was the applicable subsection under the evidence in this case and we find its computation to be in accord therewith.

Accordingly, the award of the Labor and Industrial Relations Commission is affirmed.

SMITH and SNYDER, JJ., concur.