Geraldine PASSE, Plaintiff–Respondent,

v.

CITY OF ST. LOUIS, Defendant–Appellant.

No. 53114.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 8, 1987.

James J. Wilson, Public Counsel, St. Louis, for defendant-appellant.

James Dailey Wahl, St. Louis, for plaintiff-respondent.

KAROHL, Presiding Judge.

The City of St. Louis appeals a decision of the Labor and Industrial Relations Commission affirming an award of compensation ordered by an administrative law judge. The judge found that claimant's deceased husband died as a result of an occupational disease and ordered the City to pay uncovered medical expenses of $2,870.00, funeral expenses of $2,000.00 and $189.49 per week beginning April 16, 1984 and continuing until claimant remarries or receives the maximum allowed by law ($195,000.00). We affirm.

Theodore A. Passe became an employee of the St. Louis Fire Department on September 16, 1962. From that date until November, 1982 he was a regular member of the fire department performing the duties of a fireman, including fighting fires. The St. Louis Fire Department has a policy that whenever possible their employees fight fires from the inside out. Testimony of two co-workers established that Passe fought hundreds of fires during his career, including many involving heavy smoke, debris and chemicals. The co-workers and Passe's widow all testified that Passe often coughed up black debris after fighting fires.

Passe sought medical advice in fall, 1982 to relieve chronic hoarseness and sore throat. Passe was diagnosed with carcinoma of the larynx in November, 1982. His last day on the job was November 17, 1982. The following day a total laryngectomy was performed. Passe continued on the department payroll until his retirement on July 28, 1983. The cancer metastasized to other parts of his body. He died on April 15, 1984. Dr. Robert Loynd, the treating physician, testified in his expert medical opinion, "that this [the fire fighting activities] was a direct contributing factor" in Passe's death. During cross-examination Dr. Loynd elaborated that "this type of cancer develops from something that's irritating the membranes inside your throat over a period of years." The City did not offer any contrary medical testimony to rebut this evidence of medical causation.

The administrative law judge found a direct causal relationship between Passe's exposure in his work environment to smoke and gases and his cancer that caused his death. On April 3, 1987 the Labor and Industrial Relations Commission affirmed the judge's award of compensation. This appeal followed.

The City of St. Louis brings two related claims of error in one point on appeal: (1) the provisions of Section 287.067(4) RSMo 1986 do not apply to this case and (2) claimant did not prove decedent's condition was an occupational disease under Section 287.067(1) RSMo 1986. Respondent concedes that Section 287.067(4) does not apply to this case but asserts that the evidence supports the award of compensation under Section 287.067(1). Section 287.067(4) specifically defines diseases of the lungs or respiratory tract (among others) that develop from exposure by firefighters to smoke, gases, inadequate oxygen (if direct causation is shown) as "occupational." This section was approved by the Missouri General Assembly and became effective September 28, 1983, months after the date of Passe's exposure, diagnosis, surgery and retirement.

Neither the administrative law judge nor the Commission specifically cited any Worker's Compensation provision to support the award. We agree that Section 287.067(4) is not applicable to this case. Our inquiry now shifts to whether Section 287.067(1) authorized the Commission to affirm the award for claimant. It is the duty of the reviewing court to determine from the record as a whole whether the Commission could have made its findings and award, viewing the record in the light most favorable to the Commission's decision. *Johnson v. City of Duenweg Fire Dept.*, 735 S.W.2d 364, 366 (Mo. banc 1987).

In order to establish a claim for occupational disease under Section 287.067(1) RSMo 1986, a claimant must prove by competent and substantial evidence that there is a recognizable link between the disease and some distinctive feature of the

job. *Estes v. Noranda Aluminum, Inc.,* 574 S.W.2d 34, 37–38 (Mo.App.1978). Moreover, there must be evidence of a direct causal connection between the conditions under which the work is performed and the occupational disease. *Id.* at 38. Appellant contends claimant did not meet her burden of proof. We disagree.

Passe's treating physician, Dr. Loynd, gave a complete medical chronology from Passe's initial office visit to the terminal stages of his illness. As a qualified medical expert he answered a hypothetical question about Passe which asked if "there is a direct causal connection or relationship between his death and his employment as a firefighter?" Dr. Loynd stated "[his] employment as a fireman for twenty years ... was a direct contributing factor." Although Dr. Loynd agreed on cross-examination that "smoking has been shown to contribute to the development of cancers of this area," he asserted that in his opinion Passe's job-related smoke inhalation was the cause of his cancer and subsequent death.

Appellant cites two cases to support its allegation of lack of substantial evidence for the Commission's award. In *Marcus v. Steel Constructors, Inc.,* 434 S.W.2d 475 (Mo.1968), claimants sought to link the inhalation of benzol fumes at work to an occupational disease that killed the employee. The court held that without evidence of exposure to benzol fumes, the medical testimony *assuming* such exposure could not support an award of compensation. (our emphasis) In the instant case both the wife and two co-employees of Passe testified that he often fought fires producing heavy smoke and containing gases and chemicals. They all stated that on different occasions Passe could be seen coughing up black debris after fighting a fire. Unlike *Marcus,* the Commission here had direct evidence of Passe's exposure to the smoke and fumes which Dr. Loynd opined caused or contributed to cause his cancer.

Appellant also refers this court to *Estes v. Noranda Aluminum, Inc.,* 574 S.W.2d 34 (Mo.App.1978). In *Estes* the court held that because the employee's doctor refused to causally connect his diagnosis solely to exposure to chlorine gas, the only job-site hazard, the Commission did not have substantial evidence upon which to grant an award of compensation. Here, however, Dr. Loynd repeatedly stated his opinion that Passe's exposure to heavy smoke, gases and fumes at work was the direct contributing factor in his contraction of cancer and subsequent death. We find neither *Marcus* nor *Estes* applicable here.

The Labor and Industrial Relations Commission is the judge of the credibility of witnesses. *Fowler v. Monarch Plastics,* 684 S.W.2d 429, 430 (Mo.App.1984). This court may not substitute its own judgment for that of the Commission. *Id.* Upon review of the whole record, particularly the testimony of Dr. Loynd, we find the Commission could have reasonably concluded Passe died of an occupational disease.

Motion by respondent for frivolous appeal denied; judgment affirmed.

SMITH and KELLY, JJ., concur.