**Clarence V. FRENZEL, Appellant,**

v.

**STARK PRINTING
COMPANY, Respondent.**

No. 58027.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 6, 1990.

Christopher T. Hexter, St. Louis, for appellant.

Daniel L. Steigerwald, St. Louis, for respondent.

CRIST, Judge.

Workers' compensation case. The Commission awarded employee permanent partial disability from employer and insurer 336 weeks at $150.33 and from the Second Injury Fund 125.9 weeks at the same rate for a total award of $69,437.42. Employee appeals asserting he should have been awarded permanent total disability benefits and he was entitled to a doubling of his temporary award under § 287.510, RSMo 1986, for employer-insurer's failure to comply with the temporary award.

■ Employer sought medical treatment for his left knee in January, 1986. On April 1, 1986, he fell from a stool and injured his right knee. Thereafter his left knee and right knee hurt. He had a left knee replacement on February 2, 1988, and a right knee replacement on April 19, 1988. The temporary award was for treatment from the "effects of the injury including total knee replacement." At the time of the temporary award, employer-insurer had not accepted liability for injury to the left knee. The award was for a knee replacement in the singular. Section 287.510, RSMo 1986 provides that if the temporary award is not complied with, the administrative law judge *may* double the award. (Emphasis ours.) He did not. The question of assessing the penalty is a matter that is discretionary with the Commission. We will not interfere unless it clearly appears that the action of the Commission was arbitrary and constituted an abuse of that discretion. *Hendricks v. Motor Freight Corp.*, 570 S.W.2d 702, 710 [11] (Mo.App.1978). The action of the Commission was not clearly arbitrary.

[2] On the issue of permanent total disability, evidence was presented employee was permanently and totally disabled. Evidence was also presented he was not permanently and totally disabled. We cannot substitute our judgment for that of the Commission. *Fowler v. Monarch Plastics*, 684 S.W.2d 429, 430 [1–4] (Mo.App.1984). The Commission is the judge of the credibility of witnesses. *Id.* The Commission may disbelieve the testimony of a witness

even though no contradictory or impeaching testimony appears. *Id.*

The order of the Commission is supported by competent and substantial evidence on the whole record. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

GARY M. GAERTNER, P.J., and PUDLOWSKI, J., concur.