Joseph WILLIAMS, Plaintiff-Appellant,

v.

PILLSBURY COMPANY, Employer Employers Mutual Liability Insurance Company of Wisconsin, Insurer, Defendant-Respondent.

No. 48875.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 14, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1985.

Harry James Nichols, St. Louis, for plaintiff-appellant.

Robert W. Herr, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Claimant appeals from an award to him by the Labor and Industrial Relations Commission of 5% permanent partial disability. His claim of error is the refusal of the Commission to award him temporary total or temporary partial disability also. We affirm.

Claimant worked for Pillsbury Company in a flour mill. He developed an allergy to flour dust which eventually caused him to terminate his employment with Pillsbury. Medical reports indicated that upon removal from the flour dust environment his symptoms involving his respiratory system ceased.

He bases his claim for the temporary awards on his testimony on direct examination that after leaving Pillsbury he was unable physically to resume any employment for approximately 18 months. On cross-examination he testified that if he could have gotten a job that didn't expose him to flour dust after terminating his employment with Pillsbury, he could and would have taken it.

Permanent partial disability and total disability are both defined in the statutes. The latter "shall mean inability to return to any employment and not merely mean inability to return to the employment in which the employee was engaged at the time of the accident." Sec. 287.020.7 RSMo. Cum. Supp.1984. Permanent partial disability is "a disability that is permanent in nature and partial in degree...." Sec. 287.190.6 RSMo Cum.Supp.1984. Temporary partial disability is not specifically defined by the statute but obviously is a disability temporary in nature and partial in degree. It is measured by what the employee could in the exercise of reasonable diligence have earned during the disability in an open labor market. Sec. 287.180 RSMo Cum. Supp.1984.

Temporary disability awards are intended to cover a healing period. Temporary total disability is to be granted only for the time prior to when the employee can return to work. *Vollet v. Federal Brilliant Sign Co.*, 49 S.W.2d 201 (Mo. App.1932) [3]. Temporary partial disability is to be awarded during the healing period to compensate the employee for the reduction in his working ability during the healing period. Neither temporary award is intended to encompass disability after the condition has reached the point where further progress is not expected. 99 C.J.S. § 304; *Wood v. Wagner Electric Corp.*, 355 Mo. 670, 197 S.W.2d 647 (en banc 1946) [10]. Both the medical reports and claimant's testimony on cross-examination reflect that he was fully able to work at someplace other than Pillsbury when he left his employment. The medical reports further establish that no improvement of his condition—allergy—was envisaged. He was not therefore temporarily disabled under the Worker's Compensation Law. Sec. 287.-170–190 RSMo 1978. The permanent partial award was intended to cover his permanent allergic condition and the restrictions it imposed on his employment. The temporary awards provided by the statute are not designed as unemployment compensation. There was evidence to support the award of the Commission.

Award affirmed.

SNYDER, and SATZ, JJ., concur.