**Christopher PROSSER, Appellant,**

v.

**K & M ROOFING, Respondent.**

No. 58079.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 18, 1990.

Jeffrey Ray Swaney, St. Louis, for appellant.

Phyllis Radovich, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

In this workers' compensation case, Chris Prosser (claimant) seeks compensation for an injury which allegedly occurred while he was employed by K & M Roofing. After an evidentiary hearing, the administrative law judge denied compensation.

The Labor and Industrial Relations Commission (Commission), with one member dissenting, affirmed the award denying compensation and adopted the opinion of the administrative law judge. Claimant appeals from the Commission's denial of compensation based on its finding that the accident did not arise out of and in the course of his employment. We reverse and remand.

On October 15, 1987 claimant was injured when he fell from a ladder approximately fifteen to eighteen feet landing on a chain link fence. Upon striking the fence with his right inner thigh, he flipped onto a concrete patio slab hitting his back and striking his head. He was knocked unconscious for a few minutes. Claimant complains of serious ongoing back problems as a result of the accident.

It is not disputed that on October 15, 1987, Prosser was at Bernice Smith's home doing some shingling and roofing work for his employer, K & M Roofing. He was working on Ms. Smith's back porch and shed with co-worker Eric Wilkening. When the accident occurred, however, Prosser admits that he was doing work not related to the roofing work he was there to perform for K & M Roofing. Rather, he was hammering down some trim board on a different part of the house at the request of the homeowner when the ladder "kicked out" from under him and he fell to the ground.

On September 29, 1988, there was a hearing before the division of workers' compensation. The initial question before the administrative law judge was whether the claimant's injury arose out of and in the course and scope of employment. The administrative law judge found:

> I find that by accepting money which he had no intention to give or even to report to his employer, the claimant took himself out of the course and scope of the employment. The employer certainly would not have wanted him to take money for the extra work. Where is the "good will" in that? In fact, the customer would probably resent the extra charge in a lot of cases for a small

amount of extra work. Had the claimant refused the money or not asked for any money I feel the case would then be compensable. *All the parties agree,* however, that the claimant did ask for and receive the money. (emphasis added)

Clearly, this finding that all the parties agreed the claimant did ask for and receive money in payment for the extra work formed the basis for the denial of compensation by the administrative law judge.

On every appeal coming before it the Commission is required by § 286.090(1) RSMo.1986 to file written findings of fact and conclusions of law together with the reasons for its decision. The Commission majority complied with this requirement by incorporating the award of the administrative law judge in its decision "for all purposes." Thus, the decision of the Commission is predicated solely upon the finding that claimant's request for and acceptance of payment was undisputed.

A review of the record renders this finding inexplicable. Claimant adamantly and consistently denied requesting or receiving any money for hammering down the trim board at the request of Ms. Smith. He testified it was customary to perform minor tasks for customers, that his employer was aware of the fact that he had previously done so and that his employer directed him "to make the customers happy" because of potential referral business. Ms. Smith testified that she paid claimant the $20 he requested when she asked him to hammer down the loose trim board. Thus, rather than being agreed to by all the parties, the evidence on the issue deemed crucial to the decision by the Commission was irreconcilably in conflict.

Missouri has adopted the "dual purpose" or "mutual benefit" doctrine, *McClain v. Welsh Co.,* 748 S.W.2d 720, 726 (Mo.App. 1988), which provides "[a]n injury suffered by an employee while performing an act for the mutual benefit of the employer and the employee is usually compensable, for when some advantage to the employer results from the employee's conduct, his act cannot be regarded as purely personal and wholly unrelated to the employment. Accordingly, an injury resulting from such an act arises out of and in the course of the employment; and this rule is applicable even though the advantage to the employer is slight." *Blatter v. Missouri Dept. of Social Services,* 655 S.W.2d 819, 823–824 (Mo.App.1983), quoting from *Wamhoff v. Wagner Electric Corp.,* 354 Mo. 711, 190 S.W.2d 915, 919 (Mo.banc 1945). Claimant's testimony, if believed by the Commission, would be sufficient to invoke the application of this rule.

The contradictory nature of the testimony regarding the dispositive issue in this case calls for the exercise by the Commission of its exclusive prerogative to determine the credibility of witnesses. However, the record presented to us fails to show any effort to determine credibility. The language of the findings and conclusions of the administrative law judge adopted in their entirety and incorporated "for all purposes" by the Commission, precludes any assumption that the Commission based its decision on a disbelief of claimant's testimony. On the contrary, its decision is expressly predicated upon the finding of an agreement by all parties. Such a finding not only lacks support, it is contradicted by the record.

Accordingly, we are constrained to remand this case to the Commission with directions to review the record and exercise its duty to resolve the conflicts in the evidence. It is entirely a matter for the Commission to determine what evidence it will find credible and what evidence it will reject as unworthy of belief. It is neither our function nor our purpose to attempt to influence that determination in any way. It is our function to ensure that the reasons stated for the Commission's decision are supported by the record.

Reversed and remanded.

SMITH, P.J., and SATZ, J., concur.