Timothy **BERSETT**, Claimant,

v.

**NATIONAL SUPER MARKETS, INC., Respondent.**

No. 58807.

Missouri Court of Appeals, Eastern District, Division One.

April 30, 1991.

Harry J. Nichols, St. Louis, for claimant.

Monty Donohew and Joseph E. Denigan, St. Louis, for respondent.

KAROHL, Judge.

Claimant, Timothy Bersett, appeals from an award of the Labor and Industrial Relations Commission (Commission) which affirmed the decision of the administrative law judge and denied compensation. On appeal claimant alleges the Commission erred by basing its decision on a non-issue of medical causal relationship. He also claims the decision is against the weight of the evidence because it depends on facts "applied to an issue not raised at the time of the hearing." We affirm.

On March 4, 1987, claimant was employed by National Super Markets. On that day a stack of metal meat trays fell and struck his right leg causing an ankle injury. On March 11, 1987, claimant injured his ankle while pushing his car. On June 8, 1987, claimant filed a claim for compensation. Employer admitted an accident occurred but denied all other allegations contained in the claim including the claim of injury and disability.

The issues submitted for resolution by the administrative law judge included the nature and extent of temporary total disability and permanent partial disability. Claimant argues the second injury was "a manifestation of the initial injury," it was a "no injury." However, claimant testified he reinjured his ankle on March 11, 1987, and thereafter, went to his own doctor, Dr. Ross. He was off from work one day and worked several days after the original injury. Dr. Ross prescribed weeks of nonwork after the reinjury.

The administrative law judge found:

[I]t was the testimony of both doctors that the claimant failed to provide them with an account of the right ankle injury that he had experienced while pushing his car on or about March 15, 1987, thus not giving either doctor a complete medical history of the affected parts of the body upon which to make an informed diagnosis.

I find that the claimant has failed to establish by a preponderance of credible evidence that any permanent disability be [sic] sustained was a result of his March 4, 1987, work injury and not that of the non-compensable injury of March 15, 1987.

Claimant presents two issues on appeal. First, claimant alleges the Commission erred in that it exceeded the scope of its authority by rendering a decision based upon an issue not before it, namely the issue of medical causal relationship. Second, claimant alleges the decision of the Commission is against the weight of the evidence in that facts were applied to an issue not raised at the time of the hearing.

 Contrary to claimant's allegation, the issue of medical causal relationship between claimant's injuries and the accident at work was in dispute throughout this litigation. Employer denied the causal re-

lationship in its answer. "[I]t's position [was] that [claimant] has stated to several people that he had reinjured his leg or ankle...." and some or all of claimant's disability was caused by the March 11, 1987, event. Where two events, one compensable and one not compensable, contribute to alleged disability it is claimant's burden to prove the nature and extent of disability attributed to the job-related injury. *Plaster v. Dayco Corp.*, 760 S.W.2d 911, 913 (Mo.App.1988).

Both of claimant's points on appeal fail because the issue of a medical causal relationship was contested and tried. Claimant failed to prove the claim by failing to present any evidence to exclude a finding the non-compensable event did not cause some or all of claimant's disability. There was no evidence to support a finding of separate percentages of disability and no evidence to support a finding none of claimant's disability was attributable to a second, non-compensable accident. Dr. Berkin first saw claimant on August 21, 1987, and Dr. George examined claimant for employer on June 23, 1988. They offered the medical testimony for claimant and employer. However, claimant did not inform either doctor of the March 11, 1987, injury. They were therefor unprepared to evaluate the contribution of the second injury to their diagnosis, prognosis and rating. Dr. Ross, claimant's treating doctor, did not testify but he treated claimant for an ankle injury after the March 11, 1987, event.

The administrative law judge and the Commission were free to reject medical opinions of disability not supported by all relevant facts. The administrative law judge found the medical opinions insufficient to support the claim. Applying the proper standard of review, *see Miller v. Sleight and Hellmuth Ink Co.*, 436 S.W.2d 625, 627–28 (Mo. banc 1969), we affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.