Christopher **PROSSER, Appellant,**

v.

**K & M ROOFING, Respondent.**

**No. 59850.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 26, 1991.

Jeffrey R. Swaney, St. Louis, for appellant.

Phyllis A. Radovich, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Christopher Prosser, appeals a ruling on remand by the Missouri Labor and Industrial Commission (Commission)

finding his testimony not credible and denying him relief. We affirm.

On October 15, 1987, appellant was employed by respondent, K & M Roofing. He and a co-worker, Eric Wilkening, were working on a house in the normal course of employment, when the homeowner asked him if he could do some extra work for her. The record shows that all parties knew the requested task was not a job K & M Roofing regularly performed, but in exchange for $20.00, appellant agreed.

While performing the above task, appellant slipped off his ladder, fell 15 to 17 feet, and landed straddling a chain-link fence. He then fell off the fence, hitting his head and back on a concrete patio slab. He was taken to Christian Northwest Hospital where he was treated for low back pain and various cuts and bruises on his head and inner thighs.

Since the accident, appellant has seen a number of doctors and medical specialists. Some of these experts testified before the Commission that appellant's injuries are both painful and debilitating to this day, and prevent him from working.

On February 20, 1987, the Commission found that the instant accident occurred outside the scope of appellant's employment with respondent. The Commission also specifically found that (a) respondent does not perform the type of labor appellant was performing; (b) appellant had no intention of reporting or tendering any money received for the extra job to his employer; and (c) "all the parties agree" that appellant received extra money in exchange for performing the extra tasks. The Commission therefore denied appellant's prayer for relief.

On appeal, *Prosser v. K & M Roofing*, 800 S.W.2d 804 (Mo.App.E.D.1990), this court found it apparent from the record that finding (c) (above) was incorrect. All parties had not agreed regarding the issue of extra compensation. In fact, "Claimant adamantly denied requesting or receiving any money for hammering down the trim board ..." *Prosser*, 800 S.W.2d at 805. Thus, this court remanded the case to the Commission to resolve the conflict in the evidence on this issue. *Id.*

Upon remand, the Commission found that appellant's testimony lacked credibility, leading it to find that appellant was paid extra for performing the extra work. This appeal followed.

Appellant first claims that the Commission erred when it found that respondent had a policy precluding its workers from performing additional work. We disagree.

■■■ The Missouri Labor and Industrial Relations Commission is to be given great deference with regard to questions of credibility and the weight to be given to conflicting evidence. *Summers v. Harbor Performance Corp.*, 754 S.W.2d 953, 954 (Mo.App., E.D.1988). The Commission may choose to disbelieve the testimony of a witness even though no contradictory or impeaching testimony appears. *Fowler v. Monarch Plastics*, 684 S.W.2d 429, 430 (Mo.App., E.D.1984). Appellant's former co-worker, Eric Wilkening, testified before the Commission quite specifically that respondent does have a policy preventing employees from performing additional tasks. It is entirely a matter for the Commission to determine what evidence it will find credible and what evidence it will reject as unworthy of belief. *Prosser*, 800 S.W.2d at 805. The fact that the Commission chose to believe Wilkening rather than appellant is not indicative of error.

Appellant next alleges that the Commission erred by finding appellant went beyond the scope of his employment when he agreed to perform the extra work for his own gain. He claims that the work he did benefitted respondent and therefore the dual purpose doctrine should be applied. Again, we disagree.

■■ The dual purpose doctrine allows a claimant to recover even when injured while performing a task of very little advantage to the employer. Appellant cites this court to *Thompson v. Otis Elevator Co.*, 324 S.W.2d 755 (Mo.App., St.L.Ct.App. 1959), in which a female employee, while applying lipstick before work, fell from a chair and injured her back. The court

found that the employer benefitted from the employee's seemingly personal actions, because the cosmetics would allow the employee to perform more effectively. *Id.* at 759. Appellant urges, based on *Thompson* and similar cases, that an objective determination of whether the employee was actually helping the employer is unnecessary; it is sufficient to show a reasonable belief that the employee is helping the employer by his action.

We find appellant's reasoning faulty in two places. First, *Thompson* and its ilk are distinguishable from the case at bar by virtue of a single fact. In the instant case, the employee was being paid directly by the customer. He had no intention of notifying respondent of the job or turning the money over to them. Companies do not hire employees to work for their own personal gain while using the corporation's references to procure work. Since this is what appellant did, the Commission correctly found that appellant was outside the scope of his employment when he fell. *Elliott v. Darby*, 382 S.W.2d 70, 74 (Mo.App., Spfd.Ct.App.1964).

Second, we need not review appellant's proposed reasonable belief standard for the dual purpose doctrine. We do recognize the dual purpose doctrine, but the employee must be performing some task which at least partially aids his employer to trigger the doctrine's application. *Cox v. Copeland Bros. Const. Co.*, 589 S.W.2d 55, 57 (Mo.App., W.D.1979). Reliance on belief, no matter how reasonable, is not supported by caselaw. While appellant's proposed test may some day find a sympathetic ear on the bench, we can only note that, to date, it has not. Point denied.

We therefore affirm the findings and rulings of the Commission.

REINHARD, P.J., and CRANE, J., concur.