Daniel G. STRATE, Respondent/Cross–Appellant,

v.

AL BAKER'S RESTAURANT,
Appellant/Cross–Respondent,

and

Safeco Insurance Company,
Appellant/Cross–Respondent.

No. 63614.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 2, 1993.

Robert W. Haeckel, Evans & Dixon, St. Louis, for appellant/cross-respondent.

Robert H. Sihnhold, St. Louis, for respondent/cross-appellant.

AHRENS, Judge.

Employer/insurer appeals from an award of the Labor and Industrial Relations Commission (Commission) which affirmed the decision of the Administrative Law Judge (ALJ) and granted worker's compensation permanent partial disability benefits. Employee cross-appeals the Commission's award which affirmed the ALJ's denial of employee's claim for additional temporary total disability benefits. The ALJ found that employee had 25% permanent partial disability of the body as a whole referable to the lower back, with 17.5% as a result of a work-related accident of January 26, 1990, while the remaining 7.5% was due to an automobile accident in March, 1990, which was not work-related. We affirm.

The evidence reveals employee was working as a barback at Al Baker's Restaurant on January 26, 1990. On that day, employee slipped in employer's kitchen area. He immediately experienced lower back pains but completed his shift. About three weeks later, on February 17, 1990, employee independently sought medical care from Dr. Joseph T. Lane, D.C. Dr. Lane diagnosed employee's condition as intervertebral disc syndrome, nerve root compression and lumbar myalgia. In early March, 1990, employee was involved in an auto accident. According to Dr. Lane's records, this accident took place sometime between employee's March 2,

1990 exam and his March 6, 1990 exam. Employee subsequently underwent magnetic resonance imaging (MRI) on April 19, 1990, which Dr. Auer interpreted as revealing a herniated disc. Employee was referred by employer to two orthopedists, Dr. Hoffman and Dr. Wayne, for treatment. On January 20, 1991, employee was examined by Dr. Jacques Schaerer, M.D.

Employer's first point states that the Commission erred in its apportionment of permanent partial disability between the two accidents because such an apportionment is contrary to the overwhelming weight of the evidence. Employer argues that employee, who had the burden of proof, failed to establish medical causation between the work-related accident of January 26, 1990, and any specific permanent partial disability attributable to it. Employer contends that since the nature, extent and cause of the injury are beyond lay understanding, employee was required to use expert medical testimony to establish the causal relationship between the accident, the resulting injury alleged, and the extent of disability. Employer concludes that the Commission's Award should be reversed because employee failed to meet his burden of proof. We disagree.

According to § 287.490.1, RSMo 1986, our review is limited to questions of law. We may set aside an award of the Commission only on the following grounds: (1) That the commission acted without or in excess of its powers; (2) that the award was procured by fraud; (3) that the facts found by the commission do not support the award; and (4) that there was not sufficient competent evidence in the record to warrant the making of the award. In reviewing the decision of the Commission, this court looks only to the evidence most favorable to that decision. *McClain v. Welsh,* 748 S.W.2d 720, 724 (Mo.App.1988). The Commission's award will not be disturbed unless it is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence. *Id.*

In a worker's compensation case, the claimant has the burden of proving the basis of the claim, and must first prove the

injuries were the result of an accident which arose out of and in the course of employment. *Id.* Where two events, one compensable and the other non-compensable, contribute to the claimant's alleged disabilities, claimant has the burden to prove the nature and extent of disability attributed to the job-related injury. *Bersett v. National Super Markets, Inc.,* 808 S.W.2d 34, 36 (Mo.App. 1991). Employer contends that a disc injury is a sophisticated injury and that expert testimony is essential in determining causation. *Downs v. A.C.F. Industries, Inc.,* 460 S.W.2d 293 (Mo.App.1970).

■ Employee's evidence consisted of his own testimony, the Mid County MRI letter, Dr. Lane's medical records, and the deposition testimony of Dr. Schaerer. Employee testified that he slipped in the kitchen area at work and he immediately felt something in his lower right back. Dr. Lane's records show that employee complained of lower back pain on his first visit of February 17, 1990, which predates the automobile accident of early March, 1990. Dr. Schaerer first examined employee on January 20, 1991, some time after both the work-related incident and the auto accident. During his deposition, Dr. Schaerer testified the work-related incident caused an aggravation of employee's lower back situation. The doctor further testified that since he had not seen employee until after the auto accident, it was impossible to determine the extent of the disability which is attributable to each incident. Dr. Schaerer later stated that of the 35% permanent partial disability he assessed to employee, the fair thing would be to allocate 15% to each incident which contributed to the injury.

In a similar case, an employee suffered an injury at work but sustained a subsequent reinjury away from the workplace and this court affirmed the Commission's finding that employee had failed to prove her claim. *Bersett,* 808 S.W.2d at 34. In that case, there was no evidence to support a finding of separate percentages of disability and no evidence to support a finding that none of employee's disability was attributable to the second, non-compensable accident. Employee's failure to prove her claim was a result of her failure to present any evidence to exclude a finding that the non-compensable event did not cause some or all of claimant's disability.

■ In the present case, however, employee presented evidence that the non-compensable event did not cause his disability. Employee testified he had no injury to his lower back or legs prior to the work-related injury of January 26, 1990. He further testified he had no increased complaints or problems as a result of the March, 1990 auto accident. "[T]estimony of the claimant or other lay witnesses as to facts within the realm of lay understanding can constitute substantial evidence of the nature, cause, and extent of the disability, especially when taken in connection with, or where supported by, some medical evidence." *Ford v. Bi–State Development Agency,* 677 S.W.2d 899, 904 (Mo.App. 1984). In addition to employee's testimony, Dr. Lane's records show that employee complained of lower back pain on February 17, 1990, which follows the compensable work-related event but pre-dates the non-compensable event. Also, Dr. Schaerer testified there was no question that the work-related incident caused an aggravation of the "entire situation" in employee's lower back. Further, Dr. Wayne testified that employee told Dr. Wayne he was involved in auto accidents in October, 1989, and March, 1990, "neither of which caused any back problem." The Commission awards on disability claims need not depend solely on medical evidence given by expert witnesses, rather its findings are to be judged on the evidence as a whole. *Nelson v. Consolidated Housing Development and Management, Inc.,* 750 S.W.2d 144, 148 (Mo.App.1988). Employee's evidence was sufficient to satisfy his burden of proof and to allow the Commission to apportion the injury between the two events. The Commission's apportionment of permanent partial disability between the two events is not clearly contrary to the overwhelming weight of the evidence, so we will not disturb it. Point denied.

Employer next claims the Commission erred in overruling employer's objection to and motion to strike a portion of Dr. Schaerer's deposition testimony. Despite employee's assertion to the contrary, employer's

objection to this testimony at the deposition and subsequent referral to it in employer's brief as petitioner before the Commission adequately preserved this issue for review.

■ Employer contends that Dr. Schaerer's testimony concerning employee's injury being divided equally between the two contributing incidents is in violation of the advance reporting requirements (seven day rule) of § 287.210(3), RSMo 1990, and should be stricken pursuant to that section's statutory remedy. We disagree. § 287.210(3), RSMo 1990 provides that a treating physician's testimony is admissible only if that physician's medical report is made available to the opposing party at least seven days prior to the physician's deposition or personal testimony at the hearing. A 'medical report' referred to in the above statute is defined to encompass a physician's estimate of the percentage of permanent partial disability. § 287.210(5), RSMo 1990. The dispute during Dr. Schaerer's deposition arose when employer's counsel objected to a hypothetical question on the basis that it failed to include complaints employee made to a chiropractor following the auto accident. In the complaints, employee attributed his problems to the auto accident. Dr. Schaerer was unaware of this information prior to the deposition. Dr. Schaerer testified there was no question employee had a permanent partial disability of 30% from a herniated disk and 5% from aggravation of pre-existing spondylosis. However, Dr. Schaerer recognized that he was being confronted with two sets of "conflicting statements". When asked to assume the facts as posed by employer's counsel, Dr. Schaerer acknowledged it was impossible for him to determine the extent of disability attributable to each incident, since he had not seen employee until after the second incident. Dr. Schaerer's suggestion of "splitting the rating" equally between the two incidents was offered "not as a medical man, just as a reasonable individual." Employer's counsel objected and moved to strike this testimony. At the hearing before the ALJ, the deposition was offered and admitted in evidence subject to the objections made. No ruling was made on employer's motion to strike. We find Dr. Schaerer's suggestion, elicited as a result of assuming employer's additional hypothesized facts, does not fall within the term "medical report" as defined by § 287.210(5) RSMo 1990. Accordingly, we find no violation of the seven day advance reporting requirement of § 287.210(3) RSMo 1990. Having already held the evidence, without Dr. Schearer's "suggestion", to be sufficient to sustain the Commission's findings, even if the "suggestion" was erroneously admitted, we find no prejudice to employer as a result. Point denied.

Employee, in his cross-appeal, first argues the Commission erred in finding the car accident of March, 1990 was not work-related. Employee contends that these findings are arbitrary and based on speculation, surmise and conjecture and are not supported by the record.

■ Our review is limited to determining from the record as a whole whether the Commission could reasonably have made its findings and award by viewing the record in the light most favorable to the Commission's findings. *Johnson v. City of Duenweg Fire Department*, 735 S.W.2d 364, 366 (Mo. banc 1987). The Commission is the sole judge of the weight of the evidence. *Welburn v. Southern Equipment Co.*, 395 S.W.2d 119, 125–26 (Mo. banc 1965); *Haynes v. Emerson Electric Co.*, 799 S.W.2d 939, 940 (Mo.App. 1990). If the competent evidence or permissible inferences are conflicting, the choice rests with the Commission and is binding on us. *Davis v. Roadway Express, Inc.*, 764 S.W.2d 145, 152 (Mo.App.1989). The Commission may choose to disbelieve the testimony of a witness even though no contradictory or impeaching testimony appears. *Prosser v. K & M Roofing*, 823 S.W.2d 80 (Mo.App. 1991).

■ Employee maintains that the car accident occurred on the way to an appointment with Dr. Lane and therefore it was work-related and compensable under Worker's Compensation. The only evidence which indicates that the accident did occur on the way to Dr. Lane's office is the testimony of employee. The Commission found that employee's testimony regarding the circumstances of his automobile accident lacked credibility. This finding was the basis of the

Commission's denial of compensation for the 7.5% permanent partial disability attributable to the automobile accident. We find the Commission's weighing of the evidence to be reasonable. Point denied.

■ Employee's cross-appeal also claims the Commission erred in failing to find that employee was entitled to additional temporary total disability benefits. Employee received temporary total disability benefits from employer for the period of February 8, 1990 to November 9, 1990. Employee maintains that his temporary total disability lasted through February 5, 1992, but the Commission failed to find him entitled to temporary total disability benefits through that date. He argues this finding is contrary to the overwhelming weight of the evidence.

■ Appellate review of this issue is limited to a determination of whether the Commission's decision is supported by competent and substantial evidence, upon review of the entire record and consideration of the evidence in a light most favorable to the award. *Scheper v. Hair Repair, Ltd.,* 825 S.W.2d 1, 3 (Mo.App.1991). Dr. Wayne, the treating orthopedist, stated that employee had reached maximum medical improvement by October 26, 1990. He also testified that by October 29, 1990, employee was physically capable of returning to his previous work duties. This testimony was uncontroverted and constitutes competent and substantial evidence. Point denied.

The Commission's Award is affirmed.

GRIMM, P.J., and CARL R. GAERTNER, J. concur.