**Joseph P. SOMMER, Claimant,**

v.

**SOMMER & HARTSTEIN, Employer.**

No. 65427.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 6, 1994.

Anne B. Schmidt, Joseph P. Sommer & Associates, P.C., St. Louis, for appellant.

Mark R. Rudoff, St. Louis, for respondent.

PUDLOWSKI, Judge.

This is an appeal from a decision by the Labor and Industrial Relations Commission of Missouri denying employee, an attorney, Workers' Compensation benefits for an allegedly work related coronary artery disease. We affirm the Commission's judgment in that the employee failed to prove that the condition was work related.

The relevant facts, according to the light most favorable to respondent, are as follows: Mr. Sommer is an attorney specializing in insurance subrogation litigation. He was a partner in the firm Sommer & Hartstein. He worked many hours and had a very busy trial schedule. Despite this busy schedule, he did not exercise his authority to hire an associate. Although he was making in excess of $90,000.00 per year, he felt that he could not afford to hire an associate because of his large debts, and his obligation to support four children. He testified that "I can pay all my bills barely, but I can pay them." He admitted that all of the aforementioned contributed to his stress.

Six or seven months prior to June of 1991, Mr. Sommer began to experience shortness of breath. In June of 1991, he experienced extreme chest pain. In July of 1991, he visited a doctor, who administered an electrocardiogram. On July 16, 1991, he was given an angiogram, which exposed eleven blocked arteries. He submitted to quadruple bypass surgery the next day, and could not return to work full time until January of 1992.

Mr. Sommer had a high cholesterol level and had engaged in very little exercise at least since 1987. Mr. Sommer represented to his health insurance carrier, in writing, on at least seventeen separate occasions that his condition was *not* work related. Nevertheless, he filed this Workers' Compensation claim, under the theory that stress from his job caused his coronary artery disease, and that this disease constituted either an occupational disease, or an injury from a work related accident.

■ The Administrative Law Judge denied his claims, and this decision was affirmed by the Commission. We must uphold the Commission's decision unless it is unsupported by competent and substantial evidence on the record as a whole, or it erroneously applies the law. *Alexander v. D.L. Sitton Motor Lines,* 851 S.W.2d 525, 527 (Mo. banc 1993).

■ Under both the occupational disease and accident theories, the claimant bears the burden of proving that the condition suffered was work related. *Passe v. City of St. Louis,* 741 S.W.2d 109, 110–11 (Mo.App.E.D.1987); *Trammell v. S & K Industries, Inc.,* 784 S.W.2d 209, 211 (Mo.App.W.D.1989). Section

287.067.1 RSMoSupp.1993 requires that a compensable disease "must appear to have had its origin in a risk connected with the employment." Similarly, section 287.120.1 RSMoSupp.1993 defines an injury by accident "arising out of and in the course of his employment" as the type of injury for which an employer is liable.

 Mr. Sommer's numerous admissions to his insurance company that his condition was not work related were more than ample to support a finding against him. All of those admissions were in writing. At least one was made while he was having chest pains, two days before surgery. Mr. Sommer testified that these statements were made because he did not know whether he could be compensated under the Workers' Compensation Law. However, he continued to make these representations even after his claim for compensation was filed. A statement by a Workers' Compensation claimant against his interest near the time of the alleged injury is persuasive evidence against him. See Lashbrook v. Clipper Manufacturing Company, 377 S.W.2d 785 (Mo.App. 1964).

Furthermore, the Commission's finding is supported by the testimony of board certified cardiologist Dr. Wolff. We defer to the Commission on the credibility of witnesses. Alexander v. D.L. Sitton Motor Lines, 851 S.W.2d 525, 527 (Mo. banc 1993). The Commission found Dr. Wolff's testimony to be credible. Dr. Wolff stated that at the current stage of medical research there is no reasonable certainty that job related stress in any way causes coronary artery disease of the type suffered by Mr. Sommer. Mr. Sommer's physician contested Dr. Wolff's opinion. However, when evidence conflicts, the decision of the Commission is binding upon this Court. Katzenberger v. Gill, 690 S.W.2d 473, 475 (Mo.App.E.D.1985).

We cannot say that the Commission erred when its finding against Mr. Sommer is supported by Mr. Sommer's own unambiguous admissions, as well as the credible testimony of a certified cardiologist. Having found that Mr. Sommer's condition was not work related, we need not address his other points raised on appeal.

Judgment affirmed.

SMITH, P.J., and WHITE, J., concur.