Mark BRUFLAT, Personal Representative for the Estate of Arthur L. Castleman, Appellant–Respondent,

v.

MISTER GUY, INC., Respondent–Appellant,

State of Missouri, Second Injury Fund, Respondent.

No. WD 51639.

Missouri Court of Appeals, Western District.

Aug. 13, 1996.

George G. Allen, Jr., Kansas City, for Appellant/Respondent Employee.

Bart E. Eisfelder, Jeffrey A. Mullins, Shughart Thomson & Kilroy, P.C., Kansas City, for Respondent/Cross–Appellant, Mister Guy, Inc.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Arthur L. Castleman appeals the decision of the Labor and Industrial Relations Commission affirming the Administrative Law Judge's (ALJ) decision that awarded him forty percent (40%) permanent partial disability of the body as a whole, four weeks disfigurement; $1,424.10 for medical expenses; a second injury fund award of twenty-eight weeks compensation at the maximum rate of $173.85 for permanent partial disability; and denied awards for future medical aid and temporary total disability at the rate of $195.10 per week from the date the employer/insurer stopped paying temporary total disability. Mr. Castleman alleges that the Commission erred in: 1) precluding the testimony of Dr. Bernard Abrams from evidence because his opinion relied in part on a consultation report; 2) precluding from evidence the certified records of Mid–America Rehabilitation Hospital; 3) precluding the testimony of vocational rehabilitation expert Mary Titterington; 4) overruling his and the Second Injury Fund's objection to the testimonies of Dr. Stephen Reintjes and Dr. Jay Gordon Robinson; 5) finding that the employee was not temporarily totally disabled; 6) denying an award of medical expenses that the employee had incurred subsequent to the September 1992 hearing; and 7) not ordering the recusal of Judge Siedlik. Mister Guy cross-appeals claiming the Commission erred in awarding Mr. Castleman permanent partial disability and disfigurement from his April 11, 1990, accident.

The judgment is affirmed.

On Wednesday, April 11, 1990, while working for Mister Guy, Arthur Castleman's head was struck by a closing freight elevator door. Although he immediately experienced a headache and dizziness, Mr. Castleman continued to work the remainder of the day. By Saturday, April 14, Mr. Castleman could not button his shirt or lift his leg. On April 17, 1990, he could not ambulate and fell at home.

He was taken to Baptist Medical Center where he was admitted. A CAT scan disclosed that Mr. Castleman suffered from bilateral subdural hematomas. Dr. Stephen Reintjes performed surgery on Mr. Castleman, making bilateral burr holes in his head to remove the accumulated blood from the periphery of his brain. Mr. Castleman was dismissed from the hospital on May 6, 1990, complaining of headaches, dizziness and numbness in his left leg.

Mr. Castleman experienced a seizure on May 9, 1990, causing him to fall. He was again taken to the hospital. Drs. Ronald A. Youmans and Stephen Reintjes prescribed Dilantin to control his seizures. A repeat CAT scan showed Mr. Castleman still had fluid on his brain. He was prescribed Darvocet for headaches.

Mr. Castleman returned to work for Mister Guy in June 1990 with the restriction that he not drive a motor vehicle or operate machinery. He continued working full eight hour shifts until he and other employees were discharged due to slow business.

In the two months preceding the April accident, Mr. Castleman had suffered head injuries on two other occasions. On February 3, 1990, he tripped in his kitchen and struck his chin on the edge of a table. He was taken to a hospital emergency room where he received stitches to the laceration. In March 1990, while attempting to open a heavy oak door, the door struck his forehead. He testified that he had a headache from this incident, but it went away.

At the hearing before the ALJ, Mr. Castleman offered into evidence the deposition testimony of Dr. Bernard Abrams. Mister Guy and the Second Injury Fund objected claiming that Dr. Abrams rendered no opinion regarding Mr. Castleman's disability independent of the hearsay opinion of Dr. Dennis Swiercinsky, a licensed psychologist, to whom Dr. Abrams had referred Mr. Castleman. The ALJ ruled that Dr. Swiercinsky's report and opinion could not be admitted into evidence, that Dr. Abram's opinion was based on Dr. Swiercinsky's opinion, and because it was, it lacked foundation and could not be admitted. Mr. Castleman later tried to reopen the record to offer Dr. Abrams' certified records, including the report and opinion of Dr. Swiercinsky. The ALJ sustained objections to the admission of those records.

Mr. Castleman also called Mary Titterington, a vocational rehabilitation counselor, to testify. Ms. Titterington's opinion was also based on the report and opinion of Dr. Swiercinsky. The ALJ sustained the objection to Ms. Titterington's testimony stating that her opinion was without foundation and could not be considered.

Mr. Castleman also had several friends and co-workers testify in his behalf. Their testimony primarily described observations they had made of Mr. Castleman before and after the accident.

The employer/Insurer presented the deposition testimony of Dr. Stephen Reintjes, Mr. Castleman's treating neurosurgeon. He diagnosed Mr. Castleman as having bilateral chronic subdural hematomas. He later testified on cross-examination that his operative report showed bilateral subacute subdural hematomas. Dr. Reintjes said the most common cause of this problem is trauma. Dr. Reintjes testified that any one of the accidents suffered by Mr. Castleman could have caused the subdural hematomas, and he could not say with any assuredness which one accident actually caused the injury. He also testified that the CAT scan of April 18, 1991, showed a collection of fluid on the brain and cerebral atrophy. Dr. Reintjes stated he thought the brain atrophy pre-existed the April 1990 injury. Dr. Reintjes rated Mr. Castleman's disability at 10%. Dr. Reintjes also testified that Mr. Castleman's elevated alcohol use was integral to the cerebral atrophy, seizure disorder and cognitive dysfunction.

Dr. Jay Gordon Robinson also testified. He noted the absence of neurological findings supporting Mr. Castleman's symptoms of headaches, dizziness or other complaints. He believed that these complaints could have resulted from depression and suggested that Mr. Castleman experience a psychiatric evaluation.

The ALJ found Mr. Castleman 40% permanently partially disabled. Mr. Castleman was awarded $27,816.00 from employer for

this current injury. The ALJ also found that this condition combined with a prior work related back injury synergistically to cause a greater disability than the simple sum of the disabilities experienced by Mr. Castleman. The ALJ found the Second Injury Fund liable to Mr. Castleman for $4,867.80. The ALJ awarded a sum for past medical expenses not yet paid in the amount of $1,424.10. Mr. Castleman also received an award for disfigurement that arose from the surgical procedure on his face. All three parties filed application for review with the Labor and Industrial Relations Commission. The Commission affirmed the ALJ's award. This appeal followed.

### STANDARD OF REVIEW

■ This court applies a two-step process to determine if the Commission could have reasonably made its findings and award after considering all the evidence presented. *Davis v. Research Medical Ctr.,* 903 S.W.2d 557, 571 (Mo.App.1995). First, the court must determine if the record contains sufficient competent and substantial evidence to support the award. *Id.* The first step requires examination of the whole record, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award. *Id.* If the record contains sufficient competent and substantial evidence to support the award, the reviewing court must then determine whether the award is against the overwhelming weight of the evidence. *Id.* To make this determination, this court, viewing the evidence in the light most favorable to the award, must consider all evidence in the record, including that which opposes or is unfavorable to the award. *Id.*

### MR. CASTLEMAN'S APPEAL

**I. Dr. Bernard Abrams and Mary Titterington's opinions**

Mr. Castleman's first point on appeal claims the Commission erred in affirming the ALJ's ruling that Dr. Bernard Abrams' testimony was not admissible because the testimony relied on Dr. Swiercinsky's consultation opinion. Mr. Castleman argues that Dr. Abrams' testimony was properly admissible

under section 490.065, RSMo Cum.Supp. 1993, because the consultation report contains facts, data and information of the type reasonably relied upon by experts in the field and is otherwise reasonably reliable.

■ Section 490.065.3 provides:

The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing and must be of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject and must be otherwise reasonably reliable.

While the statute allows an expert to consider facts not in evidence to form an opinion or inference, a two-step approach must be followed to determine admissibility. First, the facts must be reasonably relied upon. Second, the trial judge must then decide if the foundational facts meet a minimum standard of reliability as a condition of the admissibility of the expert's opinion. *Wulfing v. Kansas City Southern Industries, Inc.,* 842 S.W.2d 133, 152 (Mo.App.1992). The trial court does not usually commit reversible error by mere exclusion of expert testimony, even if the offered testimony was relevant and admissible. *Inman v. Bi–State Dev. Agency,* 849 S.W.2d 681, 683 (Mo.App.1993).

■ Dr. Abrams' opinion as to the amount of disability sustained by Mr. Castleman did not rely solely on facts outside the evidence but instead totally deferred to the opinion of another expert as to Mr. Castleman's disability. A testifying expert cannot be a mere conduit for another non-testifying expert. *State ex rel. Missouri Highway and Transportation Commission v. Modern Tractor and Supply Co.,* 839 S.W.2d 642, 655 (Mo.App.1992). The testimony of the expert who merely acts as a conduit for another expert's opinion is hearsay and inadmissible. *Id.* The Labor and Industrial Relations Commission's order reflects that other aspects of Dr. Abram's testimony were considered. The Commission did not abuse its discretion in excluding from evidence that portion of Dr. Abrams' opinion that parrots Dr. Swiercinsky's opinion. A decision on the admissibility of evidence will not be overturned unless the court has abused its discretion.

*Leake v. Burlington N. R.R. Co.* 892 S.W.2d 359, 362 (Mo.App.1995).

Mary Titterington's testimony was excluded for the same reason. Ms. Titterington was a vocational rehabilitation expert. She based her conclusion on Dr. Swiercinsky's opinion. Therefore, the Commission did not err in also excluding her testimony from consideration.

The first point is denied.

## II. Medical Records

■ Mr. Castleman next claims the Commission erred in denying the admission of the certified records of Mid–America Rehabilitation Hospital which contained Dr. Swiercinsky's assessment report. He claims that section 287.210, RSMo Cum.Supp.1993, specifically provided for their admission as a complete medical report and that they were also admissible pursuant to section 287.140.7, RSMo Cum.Supp.1993.

During the hearing that resulted from the Order of Remand to take additional evidence, Mr. Castleman sought to introduce Dr. Swiercinsky's records that were included in the medical records of Mid–America Rehabilitation Hospital. Evidence heard on the remand was limited to newly discovered evidence that, with reasonable diligence, could not have been produced at the original hearing before the ALJ. 8 CSR 20–3.030. The reports of Dr. Swiercinsky were known and available at the time of the prior hearing. Although the records may qualify for medical records under section 287.210 and would then have been admissible pursuant to section 287.140, exclusion of the records was not an abuse of discretion.[1] Additionally, the statute specifies that the provisions of section 287.210.7 do not apply to claims against the Second Injury Fund.

The second point is denied.

## III. Dr. Stephen Reintjes and Dr. Jay Gordon Robinson's Testimony

Mr. Castleman claims the Commission erred in affirming the ALJ's decision to overrule objection to Dr. Reintjes and Dr. Robinson's testimony concerning causation. Mr. Castleman relies on section 287.210, RSMo Cum.Supp.1993.

Section 287.210.3 provides:

The testimony of any physician who treated or examined the injured employee shall be admissible in evidence in any proceedings for compensation under this chapter, but only if the medical report of the physician has been made available to all parties as in this section provided ... If any party fails or refuses to furnish the opposing party with the medical report of the treating or examining physician at least seven days before such physician's deposition or personal testimony at the hearing, as in this section provided, upon the objection of the party who was not provided with the medical report, the physician shall not be permit ted to testify at that hearing or by medical deposition.

■ The record reveals that volumes of medical records exchanged hands between the parties. The purpose of section 287.210, known as the seven day rule, is to ensure that all parties are routinely informed of all medical findings and opinions. *Griffin v. Evans Elec. Constr. Co.,* 529 S.W.2d 172, 179 (Mo.App.1975). Mr. Castleman admitted many of Dr. Reintjes' records into evidence. He had copies of the reports prior to the hearing as required by the statute.

■ Mr. Castleman asserts that the testimony elicited is inadmissible because the records do not contain the causation opinions objected to. A medical expert cannot testify to facts not included within a timely furnished report. *Glickert v. Soundolier, Inc.,* 687 S.W.2d 674 (Mo.App.1985). However, both doctors' reports address the issue of causation and the difficulty of pinning down a specific cause of his problems. Many of the answers complained of by Mr. Castleman were elicited by his counsel on cross-examination, and hence do not form the basis for any objection on appeal. The remaining objections were to responses to the hypothetical questions posed to the witness which posited facts some of which were not within

---

1. Since the records were not newly-discovered evidence, whether the medical records were certified medical records admissible under § 287.140.7, need not be determined.

the reports. However, the statute only requires the report to address the issues required by the statute. It does not require that the complete medical report contain each hypothetical question or the opinion based thereon, which may be relevant at trial. *Oder v. St. Joe Minerals Corp.,* 484 S.W.2d 487, 494 (Mo.App.1972); *See also, Strate v. Al Baker's Restaurant,* 864 S.W.2d 417, 421 (Mo.App.1993) (Dr.'s testimony to additional hypothesized facts were not in violation of section 287.210). The Commission did not abuse its discretion in allowing Dr. Reintjes or Dr. Robinson's testimony into evidence.

The point is denied.

## IV. Finding on Disability

Mr. Castleman's next point on appeal claims that the Commission erred in not finding him temporarily and totally disabled because the weight of the evidence showed he was disabled. The ALJ found Mr. Castleman 40% permanently partially disabled but denied any further temporary total disability benefits beyond what had already been paid.

The assignment of residual disability is within the expertise of the Commission. *Keener v. Wilcox Elec. Inc.,* 884 S.W.2d 744, 746 (Mo.App.1994). The determination of a specific amount or percentage of disability awarded to a claimant is a finding of fact within the unique province of the Commission. *Jones v. Jefferson City School Dist.,* 801 S.W.2d 486, 489 (Mo.App.1990). Reviewing courts will not substitute their judgment for that of the Commission. *Quilty v. Frank's Food Mart,* 890 S.W.2d 360, 362 (Mo.App.1994).

The Commission's denial of temporary total disability was proper. Temporary awards are intended to cover the healing period. *Phelps v. Jeff Wolk Constr. Co.,* 803 S.W.2d 641, 645 (Mo.App.1991). A temporary award is not appropriate for a disability for which further improvement is not expected. *Williams v. Pillsbury Co.,* 694 S.W.2d 488, 489 (Mo.App.1985). Substantial and competent evidence was presented that Mr. Castleman's condition would not improve. Dr. Reintjes testified that additional proce-

dures to drain the collection of fluid from Mr. Castleman's cranial cavity would not likely improve his condition. No improvement in his condition being likely, he was not temporarily totally disabled under the worker's compensation law. *Id.*

## V. Medical Expenses

Mr. Castleman's next point on appeal claims the Commission erred in not awarding medical expenses that he had incurred subsequent to the September 1992, hearing. He asserts that because Dr. Abrams testified the medical charges following the hearing were fair and reasonable and related to the injury of April 11, 1990, they should be allowed.

Mr. Castleman relies on *Wright v. Sports Associated,* 887 S.W.2d 596 (Mo. banc 1994). *Wright* held that an administrative law judge could not reject evidence and rely solely on his knowledge and experience on questions of medical causation of injuries. However, in this case the Commission relied on Dr. Reintjes' testimony that Mr. Castleman's present condition cannot be specifically attributable to the injury of April 1990. When conflicting medical opinions are presented to the Commission, its determination that one theory is correct is binding on this court. *Sommer v. Sommer & Hartstein,* 888 S.W.2d 398, 399 (Mo.App.1994). This court defers to the Commission on issues involving credibility of witnesses and the weight to be given certain testimony, and the Commission may even disbelieve uncontradicted and unimpeached testimony. *Alexander v. D.L. Sitton Motor Lines,* 851 S.W.2d 525, 527 (Mo. banc.1993).

A claimant has the burden of proving all essential elements of a claim, including causation. *Lawrence v. Joplin R–VIII School Dist.,* 834 S.W.2d 789, 793 (Mo. App.1992). Where several events, only one being compensable, contribute to the alleged disability, it is the claimant's burden to prove the nature and extent of disability attributable to the job-related injury. *Bersett v. National Super Markets, Inc.,* 808 S.W.2d 34, 35 (Mo.App.1991).

Medical experts agreed that Mr. Castleman's condition was exacerbated by his

alcohol abuse. Dr. Reintjes stated that Mr. Castleman's current condition could not be solely attributable to the work related injury, considering he had numerous head injuries, a seizure disorder, cerebral atrophy and a history of alcohol abuse. Substantial evidence was presented that Mr. Castleman's current medical treatment could not be identified as being related to the work-related injury. The Commission did not err in denying medical expenses incurred subsequent to the September 1992 hearing.

The point is denied.

## VI. Recusal of the Administrative Law Judge

For his last point on appeal Mr. Castleman argues that the Commission erred in not ordering the recusal of Administrative Law Judge Siedlik. He asserts that ALJ Siedlik was prejudiced against employee's counsel because of this court's ruling in *State ex rel. Lakeman v. Siedlik*, 872 S.W.2d 503 (Mo. App.1994), and is evinced by his rulings on evidentiary matters.

Canon 3 of the Code of Judicial Conduct states:

A judge should recuse in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where the judge: (a) has a personal bias or prejudice concerning the proceedings. Rule 2, Canon 3.

Appellate review is limited to determining whether a reasonable and disinterested bystander would reasonably question the impartiality of the judge. *Wright–El v. State*, 890 S.W.2d 664, 671 (Mo.App.1994). The judge is entitled to a presumption that he will not undertake to preside over a hearing in which he cannot be impartial. *Id.*

A majority of Mr. Castleman's argument relies on the evidentiary rulings made by ALJ Siedlik during the long pendency of this case. The mere fact that rulings are made against a party does not show bias or prejudice on the part of the judge. *Cain v. Buehner & Buehner*, 839 S.W.2d 695, 699 (Mo.App.1992). Rulings against a party will not serve as grounds for recusal. *Grissom v. Grissom*, 886 S.W.2d 47 (Mo.App.1994).

The other asserted argument for recusal is based on the judge's involvement in another case, *State ex rel. Lakeman*, in which Appellant's attorney was also involved. Previous contacts in other litigated matters do not form the basis for claims of bias. *Johnson v. State*, 796 S.W.2d 662, 664 (Mo. App.1990). Merely because a judge is named as a party in another suit does not require him to disqualify himself for cause. *Callahan v. State*, 712 S.W.2d 25, 27 (Mo.App. 1986). Additionally, this case commenced in 1992, the ruling of *State ex rel. Lakeman*, was not handed down until two years after the original hearing of this case. It could not have been the source of any impartiality at the time of the hearing as asserted by Mr. Castleman.

Point VII is denied.

### *MISTER GUY'S APPEAL*

Mister Guy asserts on cross-appeal that the Commission erred as a matter of law in affirming the ALJ's ruling awarding Mr. Castleman permanent partial disability in that evidence was not presented to prove that the April 1990, accident caused his injury. The Commission's decision will be upheld unless it is unsupported by competent and substantial evidence on the record as a whole or erroneously applies the law. *Sommer v. Sommer & Hartstein*, 888 S.W.2d 398, 399 (Mo.App.1994).

Substantial evidence was presented to support the finding that Mr. Castleman was permanently partially disabled. The medical testimony of every doctor demonstrated a consensus that Mr. Castleman was disabled. While evidence was presented that other factors played a role in Mr. Castleman's current condition, the Commission exercised its discretion in concluding from the reams of medical evidence presented that a portion of the disability stems from the accident in April 1990. Dr. Abrams testified that the subdural hematoma was consistent with the injury he incurred in April 1990, and the timing of his symptoms made this a likely probability. This court will not substitute its judgment for the Commission's even if this court may have made a different initial con-

clusion. *Hunsperger v. Poole Truck Lines, Inc.* 886 S.W.2d 656, 658 (Mo.App.1994).

Point denied.

The decision of the Labor and Industrial Relations Commission is affirmed.

All concur.